362 So.2d 1154 (1978)
Richard Wayne GENTRY, Plaintiff-Appellee,
v.
John M. PUGH et al., Defendants-Appellees,
Travelers Ins. Company, Intervenor-Appellant.
No. 13606.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1978.
Writ Refused October 20, 1978.
*1155 Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for Travelers Ins. Co., intervenor-appellant.
Joiner & Roberts by Charles E. Joiner, West Monroe, for Richard Wayne Gentry, plaintiff-appellee.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for Hanover Ins. Co., defendant-appellee.
Snellings, Breard, Sartor, Inabnett & Trascher by Kent Breard, Monroe, for Insured Lloyds, defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
May a workmen's compensation insurer be allowed to recover from an uninsured motorist carrier the amount it has paid under the workmen's compensation law to the employee whose compensable injury was caused by an uninsured tort-feasor?
In accord with what appears to be the unanimous result of holdings in other jurisdictions, we deny recovery to the workmen's compensation insurer. See Larsen's Workmen's Compensation Law, § 71.23, Uninsured motorist policies and double recovery. The lower court judgment from which the workmen's compensation insurer appeals, denied recovery. We affirm.
The employee, Gentry, while in the course and scope of his employment, suffered injury in an automobile accident with defendant Pugh who was uninsured. Gentry also sued his personal uninsured motorist carrier and the UM carrier of the employer's vehicle. The employer's workmen's compensation insurer intervened for the amounts it had paid to or for the injured employee, approximately $10,000. The two UM carriers successfully moved for summary judgment denying recovery from them to the workmen's compensation insurer.
The appellant insurer concedes that so-called double recovery does result in cases where multiple claims on insurance policies exist and that this result is not against public policy. The problem, says the insurer, is that the UM carriers and the workmen's compensation insurer will each in turn claim judgment for their "subrogated" demand[1] against the tort-feasor, resulting in the tort-feasor being exposed to far more than the actual damages suffered by his victim.
*1156 In Williams v. Buckelew, 246 So.2d 58 (La.App.2d Cir. 1971), this court refused to uphold a policy provision which would have allowed the UM carrier credit for the amounts paid the employee under the workmen's compensation law. The basis for that holding was that if the credit were allowed, the UM limit would be reduced below the minimum amount statutorily required by R.S. 22:1406(D)(1). The insurer now argues that Williams fulfilled the legislative objective of providing to the employee the statutory minimum UM coverage and that same objective should be reached here by allowing it to recover from the UM carrier[s] the amount it has paid the employee under the compensation law. The insurer also attempts to distinguish the UM carriers on the basis that the employee paid for his personal UM coverage but did not pay for the UM coverage which was afforded him while driving the employer's covered vehicle, arguing that the judgment denying recovery produces an obvious inequitable result.
The insurer's right of recovery rests solely upon L.R.S. 23:1101-1103. Section 1101 provides:
"When an injury . . . for which compensation is payable . . . has occurred under circumstances creating in. . . [a] third person . . . a legal liability to pay damages. . . the aforesaid employee . . . may claim compensation . . . and the. . . award of compensation hereunder shall not affect the claim or right of action of the said employee. . . against such third person . . .
"Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee . . ."
Section 1102 requires that the person bringing the suit under 1101, whether the employee or the employer, give written notice of the suit to the other to facilitate intervention. Section 1103 generally provides that the employer's claim for reimbursement of compensation shall take precedence over the employee's claim ". . . if the damages are not sufficient" to satisfy the claims of both.
Traditionally, R.S. 23:1101-1103 have been construed as establishing but one cause of action in a situation such as we are considering and that is for the recovery of damages resulting from a single tort. See Johnson v. Marvin Cutrer Contractor, 348 So.2d 1256 (La.App. 2d Cir. 1977). The right of the employer to recover under Section 1101 is ". . . conditioned upon the basic right of the employee to recover damages. . . for which the tort-feasor is liable . . ." Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, 271 (1958). The Civil Code Articles 2159-2162 on subrogation, likewise do not avail the appellant-insurer in these circumstances. The UM carrier is not solidarily liable with the tort-feasor or with the workmen's compensation insurer to the injured employee. See also Larsen's Workmen's Compensation Law, § 71.23, Uninsured motorist policies and double recovery, § 72, Who Are "Third Persons."
The liability of the UM carrier to its insured, of course depends upon the liability of the uninsured motorist, but its ultimate liability is not in tort. The UM carrier's liability, "purely contractual," is based on its contract which is designed for the protection of its insured and not for the protection of the uninsured motorist. Fouquier v. Travelers Insurance Company, 204 So.2d 400, 403 (La.App. 1st Cir. 1967).
We hold then that the UM carrier is not a third person from whom the workmen's compensation insurer is entitled to recover under R.S. 23:1101-1103 the amounts it has paid in compensation to an employee who was injured by a third-party tort-feasor.
The fact that premiums for the policy on the employer's vehicle which contained additional UM coverage for an employee driving with permission of the employer were paid by the employer does not avail the *1157 workmen's compensation insurer. An employee in such circumstances is an insured under the policy, a circumstance which was obviously known or expected by the UM carrier. Otherwise, the policy would not have been written to cover an employee of the insured.
It has been held where an employee sustains injury because of the concurrent negligence of a third person and of his employer, the third person tort-feasor is not allowed to claim contribution from the employer, although the employer may recover from the third person the amount it has paid the employee under the compensation law. See Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233 (1972); LeJeune v. Highlands Insurance Company, 287 So.2d 531 (La.App. 3rd Cir. 1974), writ refused. As was held in those cases, the alleged inequities of the instant case can best address themselves to the legislature. 287 So.2d at page 533.
At appellant's cost, judgment is
AFFIRMED.
NOTES
[1] See Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233, 246 (1972), regarding the "name" of this recovery by the employer.