392 So.2d 186 (1980)
Marie T. BANNON et al.
v.
Richard L. EDRINGTON et al.
No. 11331.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
*187 Monroe & Lemann, Steven O. Medo, Jr., New Orleans, for plaintiffs-appellees.
Lemle, Kelleher, Kohlmeyer & Matthews, Albert H. Hanemann, Jr., Richard K. Rathbun, New Orleans, for intervenors-appellants.
Before REDMANN, GULOTTA and BARRY, JJ.
REDMANN, Judge.
An employee was killed under circumstances entitling his survivors to recover both uninsured motorist insurance and workers' compensation. In this suit by the survivors against an insurer that afforded uninsured motorist coverage, the workers' compensation payer intervened and now appeals from the dismissal, on exception of no cause of action, of its demand for reimbursement from the uninsured motorist insurer.
The question is whether an uninsured motorist insurer's obligation under its policy constitutes a "legal liability to pay damages" within the meaning of La.R.S. 23:1101. We answer that it does not. Conceding that the amount of recovery (subject to policy limits) from an uninsured motorist carrier is the same as the amount of damages for personal injury for which the tortfeasor is liable and that the law enforces contractual liability and in that sense one is "legally liable" to perform one's contracts, we nevertheless reason that the uninsured motorist carrier's liability is not a legal liability for damages.
First, damages are due for breach of a duty, and an uninsured motorist carrier is not liable for breaching any duty. Its liability is to perform its contractual obligation, and when it does perform, it is not discharging any liability for damages.
The uninsured motorist carrier is rather a casualty insurer than a liability insurer. It does not insure the third-party tortfeasor against liability, but insures its own insured against the loss that results from a casualty for which the uninsured third-party tortfeasor is (and remains) liable in damages. Payment by the uninsured motorist insurer does not discharge the uninsured motorist's "legal liability to pay damages."
Second, the liability of an insurer is, from the mere contract alone, a contractual rather than a legal liability. A legal liability is one that the law imposes, as it does upon a third-party tortfeasor to repair the damages caused by the tort. The statutory "legal liability" is plainly not designed to distinguish the affected liability from "illegal liability" and, in our view, it is intended to distinguish a liability that the law imposes from one that a party to a contract undertakes under no compulsion of law.
Gentry v. Pugh, La.App. 2 Cir. 1978, 362 So.2d 1154, reached the result we reach, reasoning that the uninsured motorist carrier is not a "third person" within the workers' compensation statute. We might agree with the compensation payer that the uninsured motorist insurer is a third person because it is not the worker's employer or co-employee or the like: but we reason that its liability is not a "legal liability" and it is not a "liability to pay damages" within R.S. 23:1101.
Finally, appellant injects in this case a problem that is not ours to solve. Appellant argues that an employee could have double recovery, and in fact does here, in that, in a federal court action against other uninsured motorist carriers, plaintiffs have obtained a judgment now on appeal for the full amount of their damages.
We have before us only the question of whether the workers' compensation payer can recover from the uninsured motorist carrier, and not the contrary question of *188 whether the latter can recover from the former (i. e., through the worker's recovery). Nor do we have the question of whether the compensation payer's statutory "precedence" for recovery over the worker in any tort recovery, R.S. 23:1101, constitutes such a defeat of the uninsured motorist insurer's statutory right to reimbursement as to be, pro tanto, a defense for the insurer. (See, by analogy, C.C. 3061.)
We rule only that the compensation payer has no claim under R.S. 23:1103 for recovery against an uninsured motorist insurer.
Affirmed.