LOTTINGER, Judge.
This is a suit by plaintiff, Joseph Johnson, Jr., against uninsured motorist insurers, Fireman’s Fund Insurance Company (plaintiff’s employer’s uninsured motorist carrier) and Lumberman’s Mutual Casualty Company (plaintiff’s uninsured motorist carrier) for injuries received by plaintiff while operating a vehicle owned by his employer when it collided with an uninsured or underin-sured vehicle. Continental Insurance Companies, the workmen’s compensation insurer of plaintiff’s employer, intervened claiming a preference on any award recovered by plaintiff from defendants for the amount of *539 workmen’s compensation benefits previously paid or to be paid plaintiff. Plaintiff and Fireman’s filed peremptory exceptions of no right and no cause of action. From a ■judgment maintaining these exceptions, Continental has appealed.
Though the question of whether a workmen’s compensation insurer may be allowed to recover from an uninsured motorist carrier the amount it has paid pursuant to the workmen’s compensation law to the employee whose compensable injury was caused by an uninsured or underinsured tortfeasor has not been previously presented to this court, our appellate brethren on the other courts of appeal of this state have decided this issue adversely to the intervenor. Lute v. City of Lake Charles, 394 So.2d 736 (La.App. 3rd Cir. 1981); Bannon v. Edrington, 392 So.2d 186 (La.App. 4th Cir. 1980); Gentry v. Pugh, 362 So.2d 1154 (La.App. 2nd Cir. 1978) writ refused 363 So.2d 922 (1978).
We are not persuaded by appellant’s arguments that these decisions are in error. We agree with the result reached by our brethren and affirm the decision of the trial court at appellant’s costs.
AFFIRMED.