425 So.2d 224 (1982)
Joseph JOHNSON, Jr.
v.
FIREMAN'S FUND INSURANCE COMPANY, et al.
No. 82-C-0778.
Supreme Court of Louisiana.
December 10, 1982.
Concurring Opinion January 17, 1983.
Rehearing Denied January 21, 1983.
*225 Sidney L. Patin, Henderson, Hanemann & Morris, Houma, for applicant.
Lawrence J. Duplass, Johnston & Duplass, Robert E. Birtel, Gordon Hackman, Herbert B. Bowers, III, Hammett, Leake & Hammett, New Orleans, for respondents.
DENNIS, Justice.
We are called upon to decide whether a worker compensation insurer can recover from an uninsured motorist carrier amounts it is obliged to pay an employee whose work-related automobile accident was caused by the fault of an underinsured motorist. The previous courts held that a worker compensation carrier has no cause of action for such recovery from either the employer's or the employee's uninsured motorist carrier because neither carrier is a "third person" who is "legally liable to pay damages" to the employee so as to require it to reimburse the compensation insurer under the worker compensation act. We affirm in part and reverse in part, 411 So.2d 538. An uninsured motorist carrier is a third person legally liable to pay damages to an injured employee protected by its coverage because it is obliged by law and the issuance of its policy to repair the same damage which the tortfeasor has caused and to guarantee recovery as if the tortfeasor had been insured. Therefore, a worker compensation insurer can recover amounts paid to an injured employee out of uninsured motorist coverage. La.R.S. 23:1101. However, this is subject to one limitation. Worker compensation insurers cannot recover out of uninsured motorist coverage paid for by an employee because the worker compensation statute prohibits direct or indirect imposition of the cost of compensation upon an employee. La.R.S. 23:1163.
Plaintiff, Joseph Johnson, Jr., filed suit alleging that he had been injured in an automobile accident while in the scope and course of his employment and while driving his employer's vehicle. He alleged that an insurance policy issued to Joseph Becnel, the other driver involved in the accident, was insufficient to cover his damages and named as defendants Fireman's Fund Insurance Company, his employer's uninsured motorist carrier, and Lumberman's Mutual Casualty Company, his own uninsured motorist carrier. His employer's worker compensation insurer, Continental Insurance Companies, intervened seeking reimbursement for compensation it is obliged to pay Joseph Johnson, Jr. on account of the automobile accident. Both Joseph Johnson and Fireman's Fund filed exceptions of no cause of action to the intervention which were sustained. The court of appeal affirmed without expressing its rationale but citing Lute v. City of Lake Charles, 394 So.2d 736 (La.App. 3d Cir., 1981); Bannon v. Edrington, 392 So.2d 186 (La.App. 4th Cir., 1980); Gentry v. Pugh, 362 So.2d 1154 (La.App. 2d Cir.), writ denied, 363 So.2d 922 (La.1978). These opinions adduce two reasons for holding that the employer is not entitled to recover from the uninsured motorist carrier: the carrier is not a "third person" from whom reimbursement may be sought; and the carrier is not "legally liable to pay damages" to the employee so as to entitle the employer or his insurer to recover from the carrier under the worker compensation act. We granted writs to determine whether these holdings correctly reconcile the conflicting interests and rights which arise among the employee, the worker compensation insurer, and the uninsured motorist carriers in this situation.
The worker compensation statute provides that when an injury for which compensation is payable creates in some person (other than those against whom compensation is the employee's exclusive remedy) a legal liability to pay damages, the claim or payment of compensation shall not affect the employee's right of action against such third person. Any employer obliged to pay compensation may recover from such third person any amount he has paid or become obligated to pay as compensation. La.R.S. 23:1101.[1] The employer's claim shall be *226 given precedence in apportioning the recovery of damages in a suit by the employer or employee, and the employee shall be entitled to any excess. No compromise with such third person by either the employer or the employee shall be binding on the other unless assented to by him. La.R.S. 23:1103.
The uninsured motorist statute provides that automobile liability insurance, delivered or issued for delivery in this state, with respect to vehicles registered or principally garaged here, shall contain coverage for the protection of insureds who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, unless such coverage has been rejected. La.R.S. 22:1406 D(1)(a).[2] Thus, the object of the uninsured motorist statute is to promote full recovery of damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981); Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979); Whitten v. Empire Fire and Marine Ins. Co., 353 So.2d 1071 (La.App.Cir. 1977).
The central purpose of both the worker compensation act and the uninsured motorist statute is the protection of the injured person. The compensation act protects him by providing compensation and by reserving to him any tort recovery from a third person that exceeds his compensation benefits. The uninsured motorist act protects him by making available in all situations, not just those that are work-connected, an opportunity for some recovery in place of what he would have gotten if the tortfeasor had been insured. See, 2A A. Larsen, The Law of Workmen's Compensation, § 71.23(h) (Desk Ed. 1982).
*227 Closely related concepts underlying both acts are that the ultimate loss for wrongdoing should fall on the wrongdoer and that the injured person should not receive more in reparation than that required to make him legally whole. 14 W. Malone & A. Johnson, Louisiana Civil Law Treatise-Worker's Compensation § 372 p. 209 (1980). The employer is given so much of the employee's recovery from a third person as is necessary to reimburse him for his compensation outlay, and the employee is given the excess. La.R.S. 23:1103. The uninsured motorist carrier who either totally or partially pays the employee automobile accident victim for the damages he has suffered is subrogated to the employee's action against the uninsured or underinsured tortfeasor, reserving to the employee who has been only partially compensated for his loss a lawful cause and preference over the insurer for payment out of the tortfeasor's property. La.C.C. arts. 2160-62. La.R.S. 22:1406(D)(4); Bond v. Commercial Union Assurance Co., 407 So.2d 401, 411 (La.1981).
Because the employer is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker compensation statute provides that when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in La.R.S. 23:1032, that person is a "third person." La.R.S. 23:1101. The parties excluded from the category of third persons by reference to La.R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See La.R.S. 23:1032. Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury who is not included within the list of classifications provided by La.R.S. 32:1032. Such a "third person" is amenable to suit by the employer's worker compensation insurer by virtue of the insurer's statutory subrogation to all rights and actions to which the employer is entitled. La.R.S. 23:1162.
Because neither of the uninsured motorist carriers in this case come within the classifications of La.R.S. 23:1032, they qualify as "third persons" if they are legally liable to pay the employee damages because of his work-related automobile accident. Accepting the allegations of the petition and the intervention as proven for purposes of the exception of no cause of action, it is clear that the carriers would be legally liable to pay the employee certain sums because of his injury caused by the fault of an underinsured motorist. The crucial issue is whether these sums are "damages" under the worker compensation and uninsured motorist statutes.
We conclude that when an uninsured motorist carrier becomes liable under its policy, it is required to pay "damages" within the meaning of La.R.S. 23:1101 to the person protected. Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or underinsured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person's recovery of damages as if the tortfeasor had been insured. La.R.S. 22:1406 D(1)(a). Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage which the tortfeasor has wrongfully caused. By effect of law and the delivery or issuance for delivery of automobile liability insurance, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing. Hoefly v. Government Employee's Ins. Co., 418 So.2d 575 (La. 1982). The fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor's wrongful act, the uninsured motorist statute, and the carrier's delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of his delict, does not prevent them from being obliged to the same thing. An obligation may be in solido, requiring that the obligors be obliged to the *228 same thing, even though the obligations of the obligors arise from separate acts or by different reasons. La.Civ.Code art. 2092; 418 So.2d at 579.
It would be inconsistent with the legislative aim of the worker compensation statute to construe its reference to "damages" as having a narrow or special meaning. The statute was not designed to restrict the employer's right of reimbursement to recover from the tortfeasor. Rather, the thrust of the provision is to prevent double-recovery and to eventually allocate the loss to the tortfeasor. We have previously effectuated the statutory purpose by holding that, under the worker compensation statute, the employer's right of action is predicated only on the liability of a third person to pay damages, and such liability is not expressly limited to negligence or tort liability. Cf. Thomas v. Matthews Lumber Co. of Mansfield, 253 La. 1, 215 So.2d 832 (1968); Board of Comm. v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1953). See W. Malone & A. Johnson, supra, § 370 at p. 189. The provision of R.S. 23:1101 authorizing an employer's suit against third persons legally liable in damages to the employee was enacted in 1914, long before the law had developed the concept of uninsured motorist coverage or even the direct action against liability insurers. Since the legislature could not have anticipated the future laws by which insurers would become surrogates of tortfeasors, its failure to specifically state that liability and uninsured motorist insurance carriers may qualify as third persons legally liable for damages does not warrant insulating them from reimbursement actions. We therefore see no reason to limit applicability of the employer's right of action strictly to the liability of a tortfeasor, as distinguished from the liability of an uninsured motorist insurer or a liability carrier whose obligation to pay damages under the statute is contingent upon a determination of the legal liability of a tortfeasor.
In reaching a contrary conclusion, the court of appeal relied exclusively upon the decisions of its sister circuits in Lute v. City of Lake Charles, 394 So.2d 736 (La.App. 3d Cir.1981), Bannon v. Edrington, 392 So.2d 186 (La.App. 4th Cir.1980), and Gentry v. Pugh, 362 So.2d 1154 (La.App. 2d Cir.), writ denied, 363 So.2d 922 (La.1978). These cases represent too narrow a view of 23:1101, and fail to give effect to the legislative aim to minimize double-recovery operative in the statute. Gentry, the first case to tackle the issue, found that uninsured motorist carriers were not "third persons" as that term is contemplated in La. R.S. 23:1101's grant of the right of reimbursement against any "third person" legally liable to pay damages. 362 So.2d at 1156. This rationale was subsequently followed without comment in Lute v. City of Lake Charles, supra and by the court of appeal in the instant case. The second rationale offered by the courts of appeal to address the issue at hand was posited in Bannon v. Edrington, supra. In that case, the court held that the uninsured motorist carrier was not "legally liable to pay damages" such as is required to qualify under 23:1101. As we have explained above, these rationales represent an unduly restrictive interpretation of the phrases "third person" and "legally liable to pay damages" as they are contemplated in La.R.S. 23:1101.
Although the foregoing is fully applicable to the worker compensation insurer's right of action against uninsured motorist coverage generally, these precepts are tempered by a further statutory rule when a compensation insurer seeks recovery from insurance paid for by the employee.[3] The *229 employee is protected against the dilution of his compensation benefits by the compensation act's specific prohibition against direct or indirect collections from an employee to reimburse the employer, his insurer or any person for the cost of worker compensation insurance. La.R.S. 23:1163. Bryant v. New Orleans Public Service Inc., 414 So.2d 322 (La.1982); Malone & Johnson, supra, p. 209. Consequently, the employer or his worker compensation insurer cannot recover compensation reimbursement from a fund purchased by the employee for his own benefit, such as the employee's own uninsured motorist coverage.

DECREE
Applying these precepts to the present case, we conclude that the intervenor has stated a cause of action against Fireman's Fund, the employer's uninsured motorist carrier, but has failed to state a cause of action against Lumberman's Mutual, the employee's uninsured motorist carrier. The plaintiff's exception of no cause of action to the intervention by the worker compensation carrier against the employee's uninsured motorist carrier was correctly sustained. The previous courts' judgments sustaining the exception of no cause of action to the compensation carrier's intervention against the employer's uninsured motorist carrier were in error. Accordingly, we affirm the part of the court of appeal judgment dismissing Continental's interventions against Lumberman's, but reverse the part sustaining the exception as to Continental's intervention against Fireman's Fund. We remand for further action consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
CALOGERO, J., concurs.
BLANCHE, J., dissents and hands down reasons.
BLANCHE, Justice (dissenting).
I would agree with the majority opinion that an interpretation that an uninsured motorist carrier is not a third person from whom reimbursement may be sought by the workmen's compensation carrier would be an unduly restrictive interpretation of LSA-R.S. 23:1101. However, I cannot subscribe to the opinion of the majority that to allow the workman's compensation carrier to seek reimbursement from the employee's own uninsured motorist carrier would dilute his compensation benefits contrary to law. In my view, to allow the workmen's compensation carrier to recover from the employee's UM carrier would not violate either the letter or spirit of LSA-R.S. 23:1163. cf. Butler v. Board of Trustees of Elec. Workers Pension and Relief Fund of the City of Monroe, 333 So.2d 676 (La.App. 2nd Cir.), writs denied, 337 So.2d 515 (La.1976); Basco v. State, Dept. of Corrections, 335 So.2d 457 (La.App. 1st Cir.), writs denied, 338 So.2d 701 (La.1976).
R.S. 23:1163 provides:
"It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employers own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person."
* * * * * *
*230 In this case, the employee procured the uninsured motorist coverage of his own accord. The coverage was not procured at the employer's insistence or for its benefit with any contemplation that it would serve to offset any judgment in workmen's compensation either against it or its workmen's compensation carrier. The interpretation given R.S. 23:1163 by the majority is unduly expansive. In my view, this expansive interpretation has an unduly restrictive effect on R.S. 23:1101, which allows the workmen's compensation carrier to seek reimbursement from any third person liable for damages to the employee. The UM carrier of the employee falls into this group, and the workmen's compensation carrier should be allowed to seek reimbursement from it.
Accordingly, I respectfully dissent from that portion of the opinion denying the workmen's compensation carrier the right to seek reimbursement from the employee's own uninsured motorist carrier.
CALOGERO, Justice, concurring.
I concur in the majority determination that the worker's compensation insurer cannot recover from the employee's uninsured motorist carrier. I am also in accord with the majority holding that, as a general principle, the worker's compensation insurer can seek reimbursement from the employer's uninsured motorist carrier. However, I disagree with the majority reasoning that the worker's compensation carrier's right to reimbursement stems from the fact that the uninsured motorist carrier and the tortfeasor are solidary obligors, and I also disagree with any implication which may be drawn from the opinion that the right of reimbursement is unlimited and exists in all circumstances.
As I stated in my dissent to Hoefly v. Government Employee's Ins. Co., 418 So.2d 575 (La.1982) I do not think that an uninsured motorist carrier and a tortfeasor are solidary obligors. Rather, I am of the view that the insured's contractual right of recovery against the uninsured motorist carrier creates the carrier's "legal liability to pay damages" and, at least, when asserted by the insured, it triggers a right of intervention for reimbursement in favor of the worker's compensation insurer under La. R.S. 23:1101.
Furthermore, I believe the worker's compensation insurer's right to reimbursement is a limited one which only comes into play where the injured employee's damages are less than the combination of his worker's compensation recovery and his uninsured motorist recovery, and then, only to the extent (or amount) that the insurance coverage exceeds the damages. For example, if an employee suffered $40,000.00 of damages, was paid $20,000.00 by his worker's compensation insurer and his employer had uninsured motorist coverage available to the employee with $20,000.00 limits, I do not think that the worker's compensation insurer should be entitled to reimbursement for the $20,000.00 it paid, leaving the injured employee with $20,000.00 of uncompensated damages. Also, under the principles established in Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980), the worker's compensation insurer should only be able to seek reimbursement from the uninsured motorist carrier to the extent that the uninsured motorist carrier's payment is attributable to the same damages that the worker's compensation carrier has already paid for, that is, lost wages and medical expenses, but not pain and suffering.
It also seems that a different matter would be presented where the employee did not bring suit against the uninsured motorist carrier. Since the uninsured motorist carrier's liability is contractual (at least in part if not completely) a question would arise as to what right the worker's compensation insurer would have to bring a suit against the uninsured motorist carrier where the injured employee, for whatever reason, had chosen not to do so. A different legal question would also be presented had it been established that the uninsured motorist policy contained the common policy provision, that the amount payable under uninsured motorist coverage is to be reduced by the amount paid on account of such bodily injury under any workmen's *231 compensation law, and the injured employee's damages did not exceed the available insurance limits.
Finally, a problem is presented as to which insurer, the uninsured motorist carrier or the worker's compensation insurer, would have the primary right to reimbursement from the tortfeasor. If the injured employee had $20,000.00 of damages, the worker's compensation carrier had paid him $20,000.00 and he had uninsured motorist coverage for $20,000.00, the insurers would have paid a total of $40,000.00. Clearly they cannot each recover $20,000.00 from the tortfeasor who only caused a total of $20,000.00 of damages.
However, since none of the above problems have heretofore been presented in this case, and since it is before us on an exception of no cause of action, I concur in the majority holding that, as a general proposition, the worker's compensation carrier can intervene in the employee's suit against his employer's uninsured motorist carrier.
CALOGERO, Justice, concurring in denial of the rehearing applications of Joseph Johnson, Jr., and Firemen's Fund Insurance Company.
When I concurred in this case originally I was troubled by a number of concerns. These are expressed in my concurring opinion. One of these concerns was the effect of certain policy language that generally appears in uninsured motorist policies excluding payments to worker's compensation insurers. At the time I was not aware that such language was in fact present in Firemen's Fund's policy. This fact has been pointed out in Firemen's Fund's rehearing application.
The author of the original opinion was no doubt aware of this issue. However, since the case is here on an exception of no cause of action, the issue concerning the effect of the policy language is not ripe for consideration. Fireman's Fund may properly assert this argument by way of a Motion for Summary Judgment or in defense to the claim, upon remand.
NOTES
[1] La.R.S. 23:1101 provides:

"When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents. Amended by Acts 1976, No. 147 § 2."
[2] La.R.S. 22:1406, in pertinent part provides:

"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto."
[3] In distinguishing between the right of the worker compensation insurer to recover against the employer's uninsured motorist carrier but not against the employee's, our statute's approach is similar to that taken by other jurisdictions. See Larsen, supra, 71.23(a) ("The unanimous holding of other jurisdictions disfavors a lien upon the proceeds of the claimant's private uninsured motorist policy") and 71.23(i) ("cases have appeared holding both that liens against the proceeds of the employer's uninsured motorist policy should be barred, and that they should be allowed"). Although the Louisiana courts of appeal reached correct results in rejecting such claims against employees' uninsured motorist carriers in Bannon v. Edrington, supra, and Gentry v. Pugh, supra, they failed to notice or state that the reasons for barring recovery do not apply when the compensation payer sues the employer's uninsured motorist carrier.