| iWOODARD, Judge,
concurring.
I agree with the majority’s decision in this ease and wish to point out that the Louisiana Supreme Court squarely foreclosed Bossier’s argument of “double recovery” in Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224 (La. 1983). It permitted an employee to recover under the workers’ compensation law, despite his recovery for the same injury from his own uninsured motorist insurance policy. Id. The court specifically held that “an employer cannot recover compensation reimbursement from a fund purchased by the employee for his own benefit,” because doing so would impermissibly dilute the employee’s compensation benefits. Id. at 229. Consequently, Chevalier’s recovery under both the workers’ compensation law and his private insurance contract does not constitute an impermissible double recovery.
Finally, Bossier argues that, at the most, it is liable for repaying to Chevalier the premiums that he paid on the insurance policy. In effect, Bossier is arguing that it should be permitted to remedy its violation of the law by repaying Chevalier the amount he expended on the policy, thereby purchasing Chevalier’s policy from him. Chevalier is, of course, free to “sell” the policy to Bossier in this manner, should he so desire, but there is no authority to require him to do so, because the policy belongs to him.