# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0404

## JAMES HOLMES, SR. AND JAMES HOLMES, JR.

### VERSUS

## CITY OF BAKER SCHOOL BOARD AND ACE AMERICAN INSURANCE CO.

Judgment Rendered:     DEC 1 2 2019

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C660891, Div. E

Honorable William Morvant, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Danial C. Vidrine<br>J. Michael McDonald<br>E. Eric Guirard<br>David L. Bateman<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>James Holmes, Sr.<br>and<br>Counsel for Plaintiff/Appellee<br>James Holmes, Jr. |
| Winston G. Decuir, Sr.<br>Brandon J. DeCuir<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>School Board City of Baker and<br>Ace American Insurance Co. |
| Floyd A. Buras, III<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>GEICO Casualty Company |

\* \* \* \* \* \*

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**McCLENDON, J.**

This appeal presents the *res nova* issue of whether an employee has a right of action against his employers' uninsured/underinsured motorist insurer for damages sustained in a hit-and-run motor vehicle accident while the employee was in the course and scope of his employment. The plaintiff, James Holmes, Sr., appeals a trial court judgment sustaining a peremptory exception of no right of action and dismissing his claim against defendants with prejudice. For reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

There is no dispute as to the facts upon which this *res nova* question must be decided. On September 8, 2016, a school bus en route to a high school volleyball game was rear-ended by an unidentified vehicle. At the time of the accident, the school bus was occupied by Mr. Holmes, a volleyball coach employed by the City of Baker School Board ("School Board"), and students. The offending vehicle subsequently fled the scene, and neither the vehicle nor the driver have ever been identified.

On August 28, 2017, Mr. Holmes filed a Petition for Damages against the School Board and its uninsured/underinsured ("UM") motorist insurer, ACE American Insurance Company ("ACE American").[1] In the Petition, Mr. Holmes alleged that he and James Holmes, Jr., sustained injuries in the September 8, 2016 collision. The School Board and ACE American (sometimes collectively, "Defendants") answered the suit and filed a peremptory exception raising the objections of no right of action and no cause of action as to Mr. Holmes. In support of the exception of no right of action, Defendants argued that pursuant to LSA-R.S. 23:1032, workers' compensation is the sole and exclusive remedy for Mr. Holmes' damages because he was in the course and scope of his employment with the School Board at the time the accident occurred. Mr. Holmes opposed the exception.

Following an August 27, 2018 hearing, the trial court rendered judgment in favor of Defendants in open court. On January 22, 2019, the trial court signed a written

---

[1] Plaintiffs also filed a first amending and supplemental petition for damages naming plaintiffs' UM insurer, GEICO Casualty Company, as a defendant.

2

judgment sustaining the exception of no right of action and dismissing Mr. Holmes' claims with prejudice. From this judgment, Mr. Holmes appeals.

## ASSIGNMENT OF ERROR

Mr. Holmes' sole assignment of error is that the trial court erred in granting Defendants' peremptory exception raising the objection of no right of action and dismissing his claim for damages against ACE American based on the exclusive remedy provision of LSA-R.S. 23:1032. Mr. Holmes does not challenge the trial court's judgment granting the exception of no right of action as to the School Board and dismissing his claim against the School Board.

## LAW AND DISCUSSION

The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. LSA-C.C.P. art. 927(A)(6). The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. **Garrison v. James Const. Grp., LLC**, 2014-0761 (La.App. 1 Cir. 5/6/15), 174 So.3d 15, 20-21, (*en banc*), writ denied, 2015-1112 (La. 9/18/15), 178 So.3d 146. To prevail on an exception raising the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed. As this presents a question of law, the trial court's judgment on an exception raising the objection of no right of action is subject to this Court's *de novo* review. **Parish of Jefferson v. Parochial Employees' Retirement System of Louisiana**, 2015-1999 (La.App. 1 Cir. 9/16/16), 204 So.3d 260, 264.

The question presented in Defendants' exception and in this appeal is whether Mr. Holmes has a right of action against ACE American as the School Board's UM insurer for damages Mr. Holmes sustained in the September 8, 2016 hit-and-run accident while in the course and scope of his employment with the School Board. This is a matter of statutory interpretation as the relevant facts are not in dispute. Interpretation of any statute begins with the language of the statute itself. **David v. Our Lady of the Lake**

3

**Hosp., Inc.**, 2002-2675 (La. 7/2/03), 849 So.2d 38, 46. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9.

An employee is entitled to workers' compensation benefits when he is injured in an accident arising out of and in the course of his employment. LSA-R.S. 23:1031(A). Although the compensation remedy is exclusive between the employer and the employee, it is not so with reference to a third person subject to tort liability whose fault caused the injury or death of the employee. LSA-R.S. 23:1101; see also **Haynes v. United Parcel Serv.**, 2005-2378 (La. 7/6/06), 933 So.2d 765, 768 (*per curiam*). The statute governing this issue, LSA-R.S. 23:1101, provides in full:

> A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
>
> B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A).
>
> C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
>
> D. Repealed by Acts 2005, No. 257, § 2.

4

The plain language of LSA-R.S. 23:1101 explicitly recognizes the right of the employer or employee to seek redress from a "third person" causing injury to the employee. **Haynes**, 933 So.2d at 768. Louisiana Revised Statutes 23:1101 defines a "third person" as one "other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032," and LSA-R.S. 23:1032(A)(1)(b) lists those persons against whom workers' compensation is the employee's exclusive remedy as the employee's "employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal."[2] The time honored maxim, *expressio unius et exclusio alterius*, teaches us that when the legislature specifically enumerates a series of things, the legislature's omission of other items, which could have been easily included in the statute, is deemed intentional. **Sensebe v. Canal Indem. Co.**, 2010-0703 (La. 1/28/11), 58 So.3d 441, 451. Thus, application of *expressio unius et exclusio alterius* leads us to conclude that because a UM insurer is not included in the list of those against whom the said employee's rights and remedies are limited under LSA-R.S. 23:1032, a UM insurer is a "third person" against whom an employee has the right to assert a remedy in tort under the plain language of LSA-R.S. 23:1101.

Further, a UM insurer and a tortfeasor are solidary obligors, obliged to do the same thing "by operation of law," namely LSA-C.C. art. 2315, *et seq.*, and the UM statute. **Hoefly v. Gov't Employees Ins. Co.**, 418 So.2d 575, 580 (La. 1982). Under LSA-C.C. art. 2315, a tortfeasor is obliged to repair the damage he has wrongfully caused to an innocent accident victim. Louisiana Revised Statutes 22:1295, which governs UM insurance, embodies a strong public policy to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who

---

[2] Louisiana Revised Statutes 23:1032(A)(1)(a) provides:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

has no coverage or is not adequately covered by liability insurance. **Bernard v. Ellis**, 2011-2377 (La. 7/2/12), 111 So.3d 995, 1002. The UM insurer is independently obliged to repair the same damage which the tortfeasor has wrongfully caused. **Hoefly**, 418 So.2d at 578.[3] In Defendants' Answer, Defendants admit "that the school bus was rear-ended by a pickup truck, and that the owner or driver of the truck has not been discovered," and "that the sole cause of the accident was the acts and omissions of the unnamed driver of the pickup truck." Thus, it is undisputed that the phantom tortfeasor caused the accident and is therefore obliged to repair the damage caused to Mr. Holmes. It follows that ACE American, as the solidary obligor of the unidentified and therefore uninsured or underinsured tortfeasor, is obliged to repair the resultant damage suffered by Mr. Holmes. Accordingly, ACE American is a "third person" with "a legal liability to pay damages" to Mr. Holmes as contemplated in LSA-R.S. 23:1101.

Although this exact issue is *res nova* in this circuit, the jurisprudence addressing whether an employer's UM insurer is a "third person" in a slightly different context strongly supports this interpretation of the statute. In **Johnson v. Fireman's Fund Ins. Co.**, 425 So.2d 224 (La. 1982), the Louisiana Supreme Court considered whether a workers' compensation insurer could recover from the employer's UM insurer amounts it was obliged to pay an employee whose work-related automobile accident was caused by the fault of an underinsured motorist.[4] The **Johnson** Court wrote:

> Because the employer is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker compensation statute provides that when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in La.R.S. 23:1032, that person is a "third person." La.R.S. 23:1101. The parties excluded from the category of third persons by reference to La.R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See La.R.S. 23:1032.

---

[3] The central purpose of both the workers' compensation act and the uninsured motorist statute is the protection of the injured person. The workers' compensation act protects him by providing compensation and by reserving to him any tort recovery from a third person that exceeds his compensation benefits. **Johnson v. Fireman's Fund Ins. Co.**, 425 So.2d 224, 226 (La. 1982). The UM statute, LSA-R.S. 22:1295, embodies a strong public policy to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability insurance. **Bernard**, 111 So.3d at 1002.

[4] In the **Johnson** case, the injured employee sued his employer's UM insurer, as well as his own UM insurer, although the **Johnson** Court did not consider whether the employee had a right of action against his employer's UM insurer.

Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury who is not included within the list of classifications provided by La.R.S. [23:1032]. Such a "third person" is amenable to suit by the employer's worker compensation insurer by virtue of the insurer's statutory subrogation to all rights and actions to which the employer is entitled. La.R.S. 23:1162.

Because neither of the uninsured motorist carriers in this case come within the classifications of La.R.S. 23:1032, they qualify as "third persons" if they are legally liable to pay the employee damages because of his work-related automobile accident. Accepting the allegations of the petition and the intervention as proven for purposes of the exception of no cause of action, it is clear that the carriers would be legally liable to pay the employee certain sums because of his injury caused by the fault of an underinsured motorist....

We conclude that when an uninsured motorist carrier becomes liable under its policy, it is required to pay "damages" within the meaning of La.R.S. 23:1101 to the person protected. Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or underinsured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person's recovery of damages as if the tortfeasor had been insured.

**Johnson**, 425 So.2d at 227.[5] The **Johnson** Court found that an employer's compensation insurer may file suit against the employer's UM insurer for reimbursement of benefits paid to the injured employee.[6] *Id.*

In **Travelers Ins. Co. v. Joseph**, 95-0200 (La. 6/30/95), 656 So.2d 1000, 1002-03, the Louisiana Supreme Court considered the holding of **Johnson** in light of an amendment to LSA-R.S. 23:1101. The Supreme Court concluded that the amendment had not altered the substance of the statute as it existed prior to the amendment, except to enlarge the definition of "third person" to include those parties aggravating an

---

[5] At the time **Johnson** was decided, LSA-R.S. 23:1101 provided:

When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.

Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents. [Amended by La. Acts 1976, No. 147, § 2].

[6] The employer or his compensation insurer cannot recover compensation from the employee's own UM insurer, since this would violate the compensation act's prohibition against direct or indirect collections from an employee to reimburse the cost of workers' compensation insurance. **Johnson**, 425 So.2d at 229; LSA-R.S. 23:1163.

7

existing work injury; the provisions of the statute on which the holding in **Johnson** had been based had merely been redesignated. *Id.* at 1003. Thus, the Supreme Court again held that a workers' compensation insurer has the right to seek reimbursement of compensation benefits from third persons legally liable to pay damages, including UM insurers, under LSA-R.S. 23:1101.[7] *Id.* It is now well-settled that under the workers' compensation scheme, a compensation insurer has a reimbursement cause of action against third persons legally liable to pay damages to an injured employee, including a UM insurer. **Bergeron v. Williams**, 1999-0886 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, 1087, writ denied, 2000-1697 (La. 9/15/00), 768 So.2d 1281; **Interstate Brands Corp. v. Gallow**, 2004-0916 (La.App. 1 Cir. 11/4/05), 927 So.2d 395, 398.

Having already determined that the plain language of LSA-R.S. 23:1101 and LSA-R.S. 23:1032 establishes that an employers' UM insurer is a "third person" legally liable to Mr. Holmes for the damages he sustained in the hit-and-run accident at issue, we further conclude that it would be inherently inconsistent with the established jurisprudence to find that an employers' UM insurer is a "third person" when a workers' compensation insurer seeks reimbursement, but is not a "third person" when an injured employee seeks to prosecute his claims.

We note Defendants' argument that because Mr. Holmes was in the course and scope of his employment at the time of the accident, Mr. Holmes' sole and exclusive remedy is through workers' compensation pursuant to LSA-R.S. 23:1032. Defendants rely on **Fox v. Commercial Union Ins. Co.**, 413 So.2d 679 (La.App. 3 Cir. 1982), and **Gray v. Margot Inc.**, 408 So.2d 436 (La.App. 1 Cir. 1981). In both cases, the plaintiffs sought to recover damages from UM insurers for injuries sustained in accidents caused by the negligence of co-employees while both were acting in the course and scope of their employment. **Fox**, 413 So.2d at 679-80; **Gray**, 408 So.2d at 436-37. When considering whether LSA-R.S. 23:1032 bars a claimant from recovering damages from the UM insurer of a negligent co-employee, the **Gray** Court concluded:

---

[7] The **Travelers** Court also held that although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the Civil Code's freedom to contract on all matters not forbidden by law or public policy. **Travelers**, 656 So.2d at 1004. Defendants have not alleged that the policy at issue excluded a compensation insurer's reimbursement.

8

> An uninsured motorist carrier is liable only for the damages which an insured is "legally entitled to recover" from owners or operators of uninsured motor vehicles. The Workmen's Compensation Statute provides that a fellow employee is immune from suit by another employee when he sustains an injury which is compensable by Workmen's Compensation benefits. Thus, an employee injured while working within the course and scope of his employment is not "legally entitled" to collect damages from a fellow employee and, therefore, may not recover from [the injured employee's] uninsured motorist insurer.

**Gray**, 408 So.2d at 438.[8] The **Fox** court similarly found that the plaintiff's sole cause of action was workers' compensation, precluding recovery from the employer's UM insurer. See **Fox**, 413 So.2d at 681. Thus, Defendants claim that under **Fox** and **Gray**, ACE American has no liability as the School Board's UM insurer because the School Board has no liability in this case. However, the distinction between **Fox** and **Gray** and the matter before this Court is a critical one. Co-employees are included in the exclusive list of persons protected by LSA-R.S. 23:1032; UM insurers are not. Thus, **Fox** and **Gray** are clearly distinguishable and are not controlling in this matter.

## CONCLUSION

ACE American is a third person legally liable to Mr. Holmes for damages caused by the unidentified, and therefore uninsured, hit-and-run driver. Accordingly, the trial court's judgment granting the exception of no right of action as to ACE American was in error. That portion of the January 22, 2019 judgment of the trial court granting the exception of no right of action as to ACE American, and subsequently dismissing Mr. Holmes' claim against ACE American, is reversed. The judgment is otherwise affirmed. All costs of this appeal are assessed against the City of Baker School Board and ACE American Insurance Company.

**REVERSED IN PART; AFFIRMED IN PART.**

---

[8] We further note that both **Fox** and **Gray** predate the Supreme Court's December 10, 1982 decision in **Johnson**, as **Fox** was decided by the Third Circuit Court of Appeal on April 14, 1982, and **Gray** was decided by this Court on December 22, 1981.

9