AYRES, Judge.
The appeal now before us presents only-one issue, the question of an appropriate awárd to compensate plaintiff for his injuries as such award may be influenced or justified by the financial ability, or the lack thereof, of the defendants George L. Thompson and his wife, Mrs. Claudia P. Thompson, to respond in damages. All other issues were resolved, so far as this court is concerned, when this cause was on its initial appeal to this court. 240 So.2d 568 (1970 — writ denied). On original hearing below, the trial court limited plaintiff's recovery against the Thompsons and their surety, Aetna Casualty & Surety Company, to the amount of $35,000.00. In making this award, the court took into consideration not only the modest financial circumstances of the Thompsons but also the fact that they were protected by public liability insurance to the extent of only $10,000.00.
This cause was, however, remanded to the trial court for the introduction of additional testimony more specifically relating to the ability of the defendants to respond in damages and for further consideration of that question. The award as initially made was reinstated on the remand. From the judgment thus rendered, appeals were taken not only by the Thompsons but by plaintiff and Aetna.
The record as made up on the remand discloses that defendant George L. Thompson is a public accountant employed in a managerial capacity by a firm of accountants. Thompson has an annual income from his employment of approximately $15,000.00. He also has an interest in the estate of his deceased father, his interest having an estimated net value of $1,551.55. The Thompsons own a family automobile of an appraised value of $700.00, as well as a quantity of household goods mostly exempt from seizure. The equity in their home, which is under mortgage, was testified to approximate the amount of their homestead exemption. Thompson testified that his net take-home pay was approximately $890.00 per month. Monthly living expenses were estimated at the same figure.
Thompson, 28 years of age and a college graduate, has only recently become established in the accounting profession. He and Mrs. Thompson have two small children. Mrs. Thompson is not shown to have any separate property or income. Under his employer’s present policy, Thompson anticipates an annual bonus estimated at from $1,000.00 to $1,500.00. The firm’s declaration with reference thereto and the amount thereof are, however, uncertain and dependent upon the firm’s earnings.
Defendants contend, as was pointed out in Cole v. Sherrill, 7 So.2d 205, 211 (La.App., 2d Cir. 1942—cert. denied) :
“ * * * It has never been considered good policy to bankrupt one to pay another even though the award granted is not in line with other cases involving the same injuries and might not fully compensate the plaintiff for the injuries he received.”
See, also:
Urk v. Southern Farm Bureau Casualty Ins. Co., 181 So.2d 69 (La.App., 2d Cir. 1965—writ denied) ;
Rollins v. New York Fire & Marine Underwriters, Inc., 225 So.2d 663 (La.App., 3d Cir. 1969).
We are not unmindful of the above and similar pronouncements and their possible application to the facts of the instant case. Nevertheless, we take note of the fact that the trial court, in making the award in the instant case, took into consideration defendants’ limited financial ability and concluded that an award resulting in an individual burden of $25,000.00 on the defendants was supported by the facts and circumstances of this case. We find no positive basis for disagreement with the court’s *161 conclusions. There is no showing of manifest error.
The judgment appealed is accordingly affirmed.
Defendants are assessed with the cost of this appeal.
Affirmed,