AYRES, Judge.
This action for a declaratory judgment is predicated upon the facts which constituted the basis for the subsequently filed action of Nichols v. Aetna Casualty & Surety Company et al (240 So.2d 568, La.App., 2d Cir. 1970—writ denied), in connection with which judgment was ren *162 dered this day (254 So.2d 159) on an appeal following a remand.
This action and the companion case noted above arose out of an accident on September 15, 1967, in which Claude E. Nichols sustained severe injuries while in the course and scope of his employment with L. E. Myers Company. Plaintiff herein, Aetna Casualty & Surety Company, was the workmen’s compensation insurer of that employer. Aetna was also the public liability insurer of George L. Thompson and of Mrs. Claudia P. Thompson, an alleged tort-feasor, whose negligence has been held in the companion case to have been a proximate cause of the accident.
The trial court held that the amount of damages paid by Aetna, as the liability insurer of George L. and Claudia P. Thompson, to Claude E. Nichols should be credited on the amount of compensation payable by Aetna as the compensation insurer of Nichols’ employer, inasmuch as the compensation exceeds the award of damages assessed against the insurer. From the judgment, Nichols and Aetna appealed.
The Thompsons were, in the language of the workmen’s compensation statute, third persons against whom Nichols claimed damages for his injuries. Aetna recognized its obligation, under its workmen’s compensation insurance policy, to pay Nichols compensation at the maximum statutory rate of $35.00 per week for the duration of his disability, not, however, to exceed the maximum statutory period. Aet-na immediately began to and has continued to pay Nichols compensation as it accrues. It has also declared its intention to continue to make such payments as they may mature, and has additionally paid medical expenses exceeding the then statutory maximum of $2,500.00.
The institution of this action was necessitated by the fact that, through mere coincidence, Aetna was compensation insurer of Nichols’ employer as well as public liability insurer of the Thompsons and by the fact that claims were made by Nichols upon Aetna for the maximum compensation benefits under one policy and the maximum liability coverage under the other. Nichols contemplated no adjustment of his claims so as to permit Aetna to be reimbursed, out of his recovery in the tort action, the workmen’s compensation which Aetna had paid and was continuing to pay as the compensation insurer of his employer.
In this connection, it may be pointed out that Aetna is, in effect, claiming reimbursement of the compensation paid and to be paid by it to Nichols out of Nichols’ award for damages in the tort action. Nichols contends that since Aetna is both creditor and debtor, its right under LSA-R.S. 23:1103 to recover compensation paid has been extinguished by confusion pursuant to the provisions of LSA-C.C. Art. 2217.
Under provisions of the workmen’s compensation statute, particularly LSA-R.S. 23:1101, when an injury for which compensation is payable has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation and the payment or award thereof shall not affect the claim or right of action of the injured employee or his dependent against such third person for damages. Under the provisions of Sec. 1103 of the statute, when an action for damages has been instituted against a third-person-tort-feasor and damages are recovered, the award shall be apportioned so that the employer’s claim for compensation actually paid shall take precedence over that of the injured employee or his dependent.
If the matter be reduced to its simplest form by disregarding, for the moment, the existence of insurance coverage and the matter placed in its proper perspective, it is L. E. Myers Company, employer of Nichols, which owes Nichols compensation; it is the Thompsons who owe Nichols for Mrs. Thompson’s acts in negligently injur *163 ing him. Viewed in this light, there can be no question blit that L. E. Myers Company would be entitled to reimbursement of any compensation it had paid to Nichols out of any award of damages Nichols receives from the Thompsons.
To further simplify the question involved, suppose that another insurer afforded the Thompsons liability coverage. Under the provisions of the compensation statute noted above, there would be no question of the right of the employer’s compensation insurer to recover, by preference and priority, the amount of compensation paid the employee from an award of damages in favor of the injured employee against the liability insurer of the tort-fea-sor.
In Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), plaintiff was employed by the Northern Dock Company. He was injured when some steps collapsed. The steps were manufactured by the Hamilton Marine Contracting Company. The Travelers Insurance Company was the compensation insurer of Northern and also the liability insurer of Hamilton. The court recognized that Travelers, as compensation insurer of the employer, was entitled to reimbursement of the compensation it paid, or would pay, to plaintiff out of an award that plaintiff might obtain against Hamilton, the tort-feasor, which, as noted, was also insured by Travelers.
That the action brought in the cited case was under the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A., Sec. 901 et seq., is a matter of no importance as the principle there involved is identical to the one involved in the instant case. It was there held that any recovery of damages must first go to reimburse the compensation insurer for the amounts paid out in compensation. This is in complete accord with the provisions of our compensation statute noted above.
Nichols’ argument that Aetna has lost its right to reimbursement as compensation insurer because of confusion but still owes its obligation as liability insurer is not tenable. To the extent that Aetna owes itself, perhaps confusion does take place. But this does not avail Nichols, because the obligations of Aetna as liability insurer are extinguished to the same extent that its rights as compensation insurer are extinguished.
Thus, we conclude, as did the trial court, that Aetna is entitled to be reimbursed compensation paid Nichols under its compensation insurance contract covering L. E. Myers Company from the recovery of damages awarded Nichols in his judgment against the tort-feasors and their insurer, even though Aetna was such insurer, or, at least, that Aetna is entitled to have the amount paid in damages credited pro tante on the compensation.
The judgment appealed is accordingly affirmed.
The costs of the appeal are assessed against plaintiff, Aetna Casualty & Surety Company, and defendant Claude E. Nichols in equal proportions.
Affirmed.