694 So.2d 273 (1995)
Floyd F. DEGRUISE and Della Chiasson Degruise, Individually and on Behalf of Their Children, Trent Degruise and Trevor Degruise
v.
HOUMA COURIER NEWSPAPER CORPORATION, A New York Times Company, ABC Insurance Company, Diane B. Scott, American National Agents Insurance Company, Federated Rural Electric Insurance Corporation and Louisiana Farm Bureau Mutual Insurance Company.
No. 95 CA 0013.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Granted December 15, 1995.
*274 Kentley R. Fairchild, Houma, for Plaintiffs/Appellants-Floyd Degruise, et al.
Robert R. McBride, Lafayette, for Defendant Federated, et al.
James E. Diaz, Jr. Lafayette, for Intervenors Federated, et al.
William P. Golden, LaPlace, for Houma Courier.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment, denying a motion for attorney's fees and expenses in an action for damages.

BACKGROUND
Floyd Degruise was involved in an automobile accident during the course and scope of his employment with South Louisiana Electric Cooperative (SLECA) while occupying a vehicle owned by SLECA. Degruise filed an action for damages arising out this automobile accident against the tortfeasor, the tortfeasor's liability insurer, and SLECA's uninsured motorist (UM) insurer, which was Federated Rural Electric Insurance Corporation (Federated).[2] SLECA and Federated, as SLECA's worker's compensation insurer, paid Degruise worker's compensation and medical benefits totalling $58,902.59. Thereafter, SLECA and Federated, as the worker's compensation insurer, intervened in the action for damages.
After a jury trial, the trial court rendered judgment on July 19, 1994, in favor of Degruise and against Federated for $1,202,000.00. The trial court also rendered judgment in favor of other members of the Degruise family for damages for loss of consortium. The trial court judgment also awarded Degruise and members of his family penalties and attorney's fees pursuant to LSA-R.S. 22:658 for Federated's arbitrary and capricious failure to tender funds under its UM policy. The trial court judgment was amended, pursuant to a motion for new trial, rendering judgment on the intervention in favor of Federated, as worker's compensation carrier for SLECA, and against Degruise and Federated, as the UM insurer, for $58,902.59 to be satisfied out of the $1,202,000.00 judgment rendered in favor of Degruise on the main demand. The amended judgment also decreed that Federated, as the worker's compensation carrier, and SLECA were entitled to a credit of $1,202,000.00, less attorney's fees and costs, against future compensation and medical benefits.
Federated appealed this adverse judgment, and this court disposed of those issues in Floyd F. Degruise, et al. v. Houma Courier Newspaper Corporation, et al., 94-2386 *275 (La.App. 1st Cir. 6/23/95), 657 So.2d 580. The factual background of the instant case is more fully set forth in this court's earlier opinion.

FACTS
On August 15, 1994, Degruise filed a motion for attorney's fees and expenses under Moody v. Arabie, 498 So.2d 1081 (La.1986). In his motion, Degruise requested that the intervenor, Federated, as the worker's compensation insurer, be held liable for a proportionate share of the costs, including attorney's fees, incurred by him in his action against Federated, as the UM insurer. After hearing the arguments of counsel, the trial court denied Degruise's motion for attorney's fees and costs.[3]
From this adverse ruling, Degruise appeals, assigning as error the trial court's failure to grant his motion for attorney's fees and expenses pursuant to LSA-R.S. 23:1103 and the principles set forth in Moody v. Arabie.

ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES
Degruise contends that the trial court erred in failing to grant his motion for attorney's fees and expenses. Degruise reasons he and the intervenors (SLECA and Federated, in its capacity as worker's compensation insurer) were co-owners of the right to recover from the negligent tortfeasor, for whom Federated, as the UM insurer, must respond. As such, under LSA-R.S. 23:1103 and the Louisiana Supreme Court's opinion in Moody v. Arabie, he is entitled to be reimbursed a portion of the attorney's fees and costs from the worker's compensation insurer.
Federated contends that, when the worker's compensation insurer and the UM insurer are the same, there is no common interest between the plaintiff and the worker's compensation insurer. As a result, Federated reasons that the doctrine established in Moody v. Arabie has no application. Federated also reasons that there can be no action against a third party because there is no third party; the only parties involved are Degruise and Federated, in its capacities as UM and worker's compensation insurer.
In Moody v. Arabie, 498 So.2d at 1081, the Louisiana Supreme Court held that the plaintiff and the intervenor compensation insurer were co-owners of the right to recover damages from the third party and that the co-owners were obligated to bear their proportionate share of the reasonable and necessary litigation expenses, including attorney's fees, according to their interests in the recovery. The intervenor's proportionate share was determined by the ratio that the intervenor's recovery, including the present value of the credit for future compensation payments, had to the total recovery from the tortfeasor. The essence of this rationale was that (1) the worker's compensation law was silent as to the payment of litigation costs by the employer and the worker against a third party tortfeasor, (2) the employer and the worker were co-owners of the tort cause of action against a third party tortfeasor and the general law pertaining to co-ownership controlled their legal relations on the issue of payment of litigation costs, (3) the employer and the worker, as co-owners, cannot exercise any legal acts involving the direct ownership of the cause of action without the consent of the other, and (4) either co-owner can force the other to contribute to the costs of preserving the tort cause of action. See Durham Life Insurance Company v. Lee, 625 So.2d 706, 710-11 n. 6 (La.App. 1st Cir. 1993). Implicit in the holding in Moody v. Arabie is the concept that the intervenor, who reaps the benefits of the plaintiff's attorney's efforts, should bear its proportionate part of a reasonable attorney's fee for those efforts. Taylor v. Production Services, Inc. Mississippi, 600 So.2d 63, 67 (La.1992).
However, LSA-R.S. 23:1103C, which was added by Acts 1989, No. 454, effective January 1, 1990, now regulates the apportionment of legal fees and costs between the employer and the employee in a suit against a third party. See Taylor v. Production Services, Inc. Mississippi, 600 So.2d at 65 n. 1.
*276 At all times pertinent hereto, LSA-R.S. 23:1103 provided as follows:
A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
(2) No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
C. If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph A of this Section. (Emphasis added.)
Under the clear wording of LSA-R.S. 23:1103 C, the plaintiff is entitled to be reimbursed by the intervenor for reasonable legal fees and costs in an amount not to exceed one-third of the intervenor's pre-judgment payments or damages. Moreover, the employer as intervenor is no longer responsible for attorney's fees attributable to the credit for future compensation payments. Taylor v. Production Services, Inc. Mississippi, 600 So.2d at 65 n. 1.
Federated contends that the doctrine established in Moody v. Arabie and codified in LSA-R.S. 23:1103 is inapplicable in the instant case because the UM insurer and the worker's compensation insurer are the same.
Because the employer, or his worker's compensation insurer, is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker's compensation statute provides that, when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in LSA-R.S. 23:1032, that person is a "third person." LSA-R.S. 23:1101. In Johnson v. Fireman's Fund Insurance Company, 425 So.2d 224, 227 (La.1982), the Louisiana Supreme Court determined that parties excluded from the category of third persons by reference to LSA-R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See LSA-R.S. 23:1032. Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury and who is not included within the list of classifications *277 set forth in LSA-R.S. 23:1032. Johnson v. Fireman's Fund Insurance Company, 425 So.2d at 227. Such a "third person" is amenable to suit by the employer's worker compensation insurer by virtue of the insurer's statutory subrogation to all rights and actions to which the employer is entitled. LSA-R.S. 23:1162; Johnson v. Fireman's Fund Insurance Company, 425 So.2d at 227. The court in Johnson further noted that there is no reason to limit applicability of the employer's right of action strictly to the liability of a tortfeasor, as distinguished from the liability of an uninsured motorist insurer or a liability carrier whose obligation to pay damages under the statute is contingent upon a determination of the legal liability of a tortfeasor. Johnson v. Fireman's Fund Insurance Company, 425 So.2d at 228.
Clearly, Federated, as the uninsured motorist insurer, does not fall within the purview of LSA-R.S. 23:1032 and is a "third person," because it is legally liable to pay Degruise's damages because of his work-related automobile accident. As such, Federated, as the worker's compensation insurer, is entitled to be reimbursed for its compensation outlay from such third person. However, as the worker's compensation insurer, Federated is also liable for reasonable legal fees and costs incurred by the plaintiff as a result of the third party action against Federated, as the UM insurer.
It is of no moment that, through mere coincidence, Federated was the worker's compensation insurer as well as the UM insurer. There is no language in LSA-R.S. 23:1103 prohibiting the worker's compensation insurer from sharing in the reasonable legal expenses incurred by the plaintiff in his third party action when the compensation insurer is also the liability or UM insurer. Moreover, if Federated's argument were carried to its logical conclusion, under the doctrine of confusion, Federated, as the worker's compensation insurer, would not be entitled to be reimbursed from Federated, as the UM insurer, for the worker's compensation benefits it paid to Degruise. However, this result is clearly contrary to the statutory provisions as well as the jurisprudence.
In Aetna Casualty & Surety Company v. Nichols, 254 So.2d 161 (La.App. 2nd Cir. 1971), writ denied, 261 La. 230, 259 So.2d 75 (1972), the liability insurer of the tortfeasor and the worker's compensation insurer were the same insurer. The worker attempted to defeat the worker's compensation insurer's right to recover the compensation it paid to him on the grounds that the right had been extinguished by confusion under LSA-C.C. art. 2217. The court determined that Aetna, as the compensation insurer, was entitled to be reimbursed from the tort recovery awarded against the tortfeasor and Aetna, the tortfeasor's liability insurer.
Moreover, in National Union Fire Insurance of Pittsburgh, Pennsylvania v. Liberty Mutual Insurance Company, 696 F.Supp. 1099 (E.D.La.1988), an insurer provided two types of insurance to an employer, primary liability insurance and worker's compensation insurance. Liberty Mutual, as the worker's compensation insurer, paid worker's compensation benefits on behalf of four employee-claimants. Liberty Mutual then intervened in the tort action to recover the worker's compensation benefits it paid. Liberty Mutual deducted from its liability policy limits the amount of its compensation intervention. The excess insurer alleged that Liberty Mutual's compensation judgment was extinguished by confusion. The federal district court determined that the judgment was not extinguished by confusion. The court noted that, under the Louisiana compensation law, the compensation insurer is entitled to a judgment ordering reimbursement for all compensation payments made to the employee on behalf of the employer. As such, Liberty Mutual, as the worker's compensation insurer, was entitled to be reimbursed for the monies paid on behalf of the employees and that Liberty Mutual properly offset the worker's compensation judgment from the monies it was obligated to pay the employer under the liability insurance.[4]
*278 We note that in Chevalier v. Reliance Insurance Company of Illinois, 953 F.2d 877 (5th Cir.1992), the liability insurer and the worker's compensation insurer were the same, and the court declined to apply the Moody doctrine, finding that, regardless of the outcome, Chevalier's lawsuit could only harm the insurer. However, the court did not address LSA-R.S. 23:1103.
In the instant case, we find that the trial court erred in failing to find that Degruise was entitled to recover a proportionate share of the reasonable legal fees and costs incurred by plaintiff's attorney in prosecuting the third party action against Federated, as the UM insurer. SLECA, the employer of Degruise, and Federated, as the worker's compensation insurer of SLECA, owed Degruise worker's compensation benefits. The tortfeasor owed Degruise for damages caused by her negligence. There is no doubt that SLECA would be entitled to be reimbursed any compensation it paid to Degruise out of any damage award Degruise received from the tortfeasor or its insurer. Therefore, we see no reason to reach a contrary result merely because the same insurer provided worker's compensation and UM coverage.
Having determined that Federated, as the worker's compensation insurer, is responsible for its proportionate share of the reasonable legal fees and costs incurred by Degruise in prosecuting his third party action, we must determine the amount to which Degruise is entitled.
A plaintiff who seeks to recover from the intervenor a proportionate share of the cost of recovery must introduce evidence sufficient to enable the court to make a proper apportionment. Rivet v. LeBlanc, 600 So.2d 1358, 1363 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La.1992). Plaintiff may introduce evidence of this at the trial on the merits, or the plaintiff also has the right to have a post-judgment hearing on this issue. Rivet v. LeBlanc, 600 So.2d at 1363. See Samanie & Barnes v. Lawler, 517 So.2d 340, 342 (La.App. 1st Cir.1987) and Thomas v. Hartford Insurance Company, 540 So.2d 1068, 1081 (La.App. 1st Cir.), writ denied, 542 So.2d 516 (La.1989).
In the instant case, in refusing to award Degruise a portion of the attorney's fees and costs, the trial judge noted that the intervenor's attorney had done some work in the case and that Degruise had been awarded attorney's fees in connection with the arbitrary and capricious claim from the UM insurer. Because the trial judge determined that Degruise was not entitled to any additional attorney's fees or proportionate share of costs, he did not reach the issue of the amount for which Federated may be liable.
At the original hearing on the motion, the trial judge permitted the parties to proffer certain exhibits for the record, including an attorney-client contract, expense ledgers, lists of depositions and statements, depositions, and fee bills. The parties also anticipated that testimony would be taken, but, given the judge's position to deny recovery, the parties simply proffered some of the evidence.
Ordinarily, instead of remanding this matter to the trial court, we would decide de novo the amount of reimbursement to which Degruise is entitled under LSA-R.S. 23:1103. See Gonzales v. Xerox Corporation, 320 So.2d 163, 165-66 (La.1975). However, when relevant evidence is not a part of the record on appeal, we cannot decide the issue de novo. LSA-C.C.P. art. 2164 provides, in pertinent part, that "[t]he appellate court shall render any judgment which is just, legal, and proper under the record on appeal." The court of appeal may remand the case to the trial court for introduction of additional evidence to prevent a miscarriage of justice; such power is discretionary and depends upon the circumstances of the case. Huval Baking Company v. State, Worker's *279 Compensation Second Injury Fund Board, 594 So.2d 1028, 1035 (La.App. 3rd Cir.1992); St. Pierre v. Hirschfeld, 569 So.2d 222, 226 (La.App. 1st Cir.1990).
In the instant case, we are unable to make a determination of the proper reimbursement based upon the record before us. Therefore, we find that the matter should be remanded to the trial court for an evidentiary hearing on the amount of attorney's fees and costs Degruise is entitled to receive from the worker's compensation insurer pursuant to LSA-R.S. 23:1103.

CONCLUSION
For the above reasons, the judgment of the trial court in favor of Federated and against Degruise is reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are to await a final determination on the issue of entitlement to attorney's fees and expenses under LSA-R.S. 23:1103.
REVERSED AND REMANDED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] Various other parties were named in Degruise's original petition, but the issues involving those parties were resolved prior to trial. The tortfeasor's liability insurer afforded insurance coverage, and Degruise settled with the tortfeasor and her liability insurer prior to trial. However, the tortfeasor's liability insurer was subsequently placed in liquidation, and the Louisiana Insurance Guaranty Association (LIGA) was added as a party. By judgment, dated February 4, 1994, the trial court required Degruise to exhaust the available UM coverage prior to proceeding against LIGA. The matter proceeded to trial only against Federated, as the UM insurer of SLECA.
[3] The trial court signed the order on September 27, 1994.
[4] In Roger v. Estate of Moulton, 513 So.2d 1126, 1134 (La.1987), the intervenor, in its capacity as the worker's compensation insurer, renewed its claim to be reimbursed for compensation benefits it paid to the injured worker out of any judgment he obtained from the UM insurer for the injured worker's employer. In that case, the worker's compensation insurer and the UM insurer were the same company. Although the Louisiana Supreme Court declined to address the issue because Liberty Mutual failed to properly preserve the issue for review, the court noted that, if the worker's compensation insurer's claim for reimbursement were properly before it, a remand may be required for a proper determination of the amount of the reimbursement owed.