764 So.2d 335 (2000)
Damon DEVILLE
v.
SOUTH CENTRAL INDUSTRIES, INC. and Louisiana Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana.
No. 99 CA 1377.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Rehearing Denied August 15, 2000.
*336 Scott T. Gegenheimer, Baton Rouge, for Claimant-Appellee Damon Deville.
Charles A. O'Brien, Baton Rouge, for Defendants-Appellants South Central Industries, Inc. and La. Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana.
Before: LeBLANC and PETTIGREW, JJ. and KLINE,[1] J. Pro Tem.
PETTIGREW, J.
In this appeal, intervenor, Louisiana Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana, appeals a judgment rendered in favor of claimant, Damon Deville, for attorney fees and costs in the amount of $5,512.50. The ultimate question to be decided by this court is whether Blue Cross should be required to bear a portion of the attorney fees and costs associated with the recovery of workers' compensation benefits by Deville. For the reasons that follow, we reverse, finding that it was legal error for the workers' compensation judge to assess attorney fees and costs against Blue Cross.

FACTS AND PROCEDURAL HISTORY
The facts of this case are undisputed. Deville filed a disputed claim for compensation benefits alleging that he had been injured while in the course and scope of his employment with South Central Industries, Inc. South Central denied that the accident was a compensable injury on the basis that Deville was not in the course and scope of his employment at the time of the incident. As a result, Deville was forced to submit his medical bills to Blue Cross, his private medical insurer, for payment. According to the record, Blue Cross paid medical benefits totaling $45,346.38 on behalf of Deville and subsequently *337 intervened in Deville's compensation claim to recover same.
On the day the matter was scheduled for trial, the parties agreed to settle the issues in dispute. South Central agreed to pay Deville $25,000.00 in compensation benefits and an additional $10,000.00 in attorney fees and costs. In a separate agreement with Blue Cross, South Central agreed to settle the intervention claim for the sum of $22,673.19, 50 percent of the amount paid by Blue Cross.
Thereafter, Deville filed a motion claiming entitlement to attorney fees against Blue Cross under the provisions of La. R.S. 23:1205 B. Following a hearing on this issue, the workers' compensation judge found Blue Cross liable for a pro-rata portion of the attorney fees and costs associated with the prosecution of Deville's claim for compensation benefits. The judge ordered Blue Cross to pay $4,310.00 in attorney fees and $1,202.50 in costs, for a total award of $5,512.50.
It is from this judgment that Blue Cross appeals. In its sole assignment of error, Blue Cross asserts that Deville was not entitled to recover attorney fees and costs. In the alternative, Blue Cross further argues that if a fee was warranted, the method of calculation used by the judge was contrary to the applicable law.

DISCUSSION
In determining that Deville's counsel was entitled to a fee from Blue Cross for pursuit of this claim, the workers' compensation judge noted as follows:
I do look at this as a Moody fee scenario using [La. R.S. 23:]1205(B). Right off the bat, I feel that Blue Cross/ Blue Shield's interests were protected, and their ability to collect on the medicals that they thankfully provided to Mr. Deville when he was in such dire need is directly due to the work that [Mr. Deville's counsel] did on this case, including his alerting them of the need to file an intervention.
The question of whether a fee was warranted in this case is a legal one. Appellate review regarding questions of law is simply review of whether the trial court's interpretive decision is legally correct. Simmons v. Berry, 98-0660, p. 3 (La.App. 1 Cir. 9/3/99), 748 So.2d 473, 475, writ granted, case remanded, 99-3608 (La.5/5/00), 760 So.2d 1186. This court owes no deference to the legal conclusions of the workers' compensation judge. Zanders v. Golden Age Home Care Center, 97-0218, p. 3 (La.App. 1 Cir. 12/29/97), 705 So.2d 296, 297.
In classifying this case as a "Moody fee scenario," the workers' compensation judge was referring to the Louisiana Supreme Court's decision in Moody v. Arabie, 498 So.2d 1081 (La.1986). In Moody, the court concluded that when a third-party suit is brought or recovery effected by an injured worker, and his employer or its carrier intervenes to recoup benefits paid to the worker, the employer or carrier may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorney fees, incurred by the injured worker in the suit against the third party. Moody, 498 So.2d at 1083. The Moody court noted that when an employer pays compensation benefits to a worker who has been injured by the wrongful act of a third person, the employer/carrier and the worker become co-owners of a property right consisting of a right to recover damages from the third person:
Applying this doctrine to the action and right against the third person, we conclude that, with respect to any cost necessary to the maintenance and conservation of the right, each co-owner is always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit.
Moody, 498 So.2d at 1085 (footnote omitted). Louisiana courts have refused to *338 extend Moody to cases involving a suit against an injured worker's employer. See Gumpert v. Pittman Construction Co., 98-2269, p. 10-11 (La.App. 4 Cir. 6/9/99), 736 So.2d 1026, 1033, writs denied, 99-2116, 99-1995, 99-2012 (La.10/15/99), 748 So.2d 462, 748 So.2d 1151-52.
The doctrine established in Moody has since been codified in La. R.S. 23:1103 C, which regulates the apportionment of legal fees and costs between the employer and the employee in a suit against a third party tort-feasor. The terms "third party" or "third person" are not specifically defined in the workers' compensation statutes. However, in Degruise v. Houma Courier Newspaper Corp., 95-0013 (La. App. 1 Cir. 10/6/95), 694 So.2d 273, rev'd on other grounds, 95-1863 (La.11/25/96), 683 So.2d 689, this court analyzed the meaning of these terms as they are used in the workers' compensation statutes:
Because the employer, or his worker's compensation insurer, is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker's compensation statute provides that, when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in LSA-R.S. 23:1032, that person is a "third person." LSA-R.S. 23:1101. In Johnson v. Fireman's Fund Insurance Company, 425 So.2d 224, 227 (La.1982), the Louisiana Supreme Court determined that parties excluded from the category of third persons by reference to LSA-R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See LSA-R.S. 23:1032. Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury and who is not included within the list of classifications set forth in LSA-R.S. 23:1032. Johnson v. Fireman's Fund Insurance Company, 425 So.2d at 227.
Degruise, 95-0013 at 5-6, 694 So.2d at 276-77.
Thus, while the facts of the instant case would seem to fit neatly within the court's holding in Moody, an important element is missing. Deville's claim for compensation was filed against his employer, South Central. South Central is not a third party as contemplated by the jurisprudence and applicable statutory law. Deville's private medical insurer, Blue Cross, intervened to recover medical benefits it had paid on behalf of Deville. Based on these facts, the workers' compensation judge erred in applying Moody to support its award of attorney fees and costs against Blue Cross. No Moody fee is warranted in this case.
Similarly, we find that the workers' compensation judge erred in applying La. R.S. 23:1205(B). As in Moody, the provisions of La. R.S. 23:1205(B) appear to only apply to suits against a third party tortfeasor. This statute provides in part as follows:
§ 1205. Claim for payments; privilege of employee; non-assignability; exemption from seizure
. . . .
B. Any company which contracts for health care benefits for an employee shall have a right of reimbursement against the entity responsible for the payment of workers' compensation benefits for such employee if the company paid health care benefits for which such entity is liable. The amount of reimbursement shall not exceed the amount of the entity's liability for the workers' compensation benefit. In the event the company seeks recovery for such in conjunction with a claim against any other party brought by the employee, the company may be charged with a proportionate share of the reasonable and necessary costs, including attorney *339 fees, incurred by the employee in the advancement of his claim or suit. (Emphasis ours.)
We have found no jurisprudence that directly addresses the issue that we are faced with in the instant case. Unlike some of the other workers' compensation statutes, La. R.S. 23:1205 B does not specifically use the words "third party" or "third person." See e.g. La. R.S. 23:1101, et seq. However, in reviewing La. R.S. 23:1205 B, we conclude that the phrase "any other party" must refer to a "third party" or a "third person" as the terms are defined within the jurisprudence and applicable statutory law. See Degruise, supra. Thus, as with the holding in Moody, La. R.S. 23:1205 will not be extended to cases involving a suit against an injured worker's employer. The workers' compensation judge erred in assessing an award for attorney fees and costs against Blue Cross in this case.

CONCLUSION
Because we find that the workers' compensation judge erred in rendering judgment for attorney fees and costs in favor of Deville and against Blue Cross, we pretermit discussion of the other issue raised by Blue Cross in this appeal, i.e., the method of calculation used by the workers' compensation judge in this case. The judgment below is reversed. All costs associated with this appeal are assessed against claimant-appellee, Damon Deville.
REVERSED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.