868 So.2d 962 (2004)
TOMMIE'S NOVELTY, et al., Plaintiff-Appellant-Intervenor,
v.
Raul VELASCO, et al., Defendant-Appellant.
Gregory Taylor, et al., Plaintiff-Appellee,
v.
Sylvia Vargas, et al., Defendant-Appellant.
Nos. 37,924-CA, 37,925-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 2004.
Linda S. Blackman, Bossier City. for Appellant, Bridgefield Casualty Insurance Company and Tommie's Gaming, LLC.
*963 Daniel S. Wanko, Jr., for Appellee, U.S. Specialty Insurance.
Mark K. Manno, for Appellee, Gregory and Tena Taylor.
James A. Mijalis, Shreveport, for Appellee, Lafayette Insurance Company.
Before BROWN, WILLIAMS and STEWART, JJ.
WILLIAMS, J.
The issue presented on appeal of these consolidated cases is whether an employer's workers' compensation insurer has a right to reimbursement of compensation benefits and/or medical expenses from the employer's uninsured/underinsured ("UM/UIM") motorist carrier, when the compensation insurer alleges that the injured worker has committed fraud, even though the employer's UM/UIM policy specifically excludes the payment of benefits under the workers' compensation law.
The appellants, Bridgefield Casualty Insurance Company ("Bridgefield") and Tommie's Novelty Gaming, LLC ("Tommie's"), appeal a trial court judgment which: (1) granted a motion for summary judgment in favor of Gregory M. Taylor ("Taylor"), (2) sustained Taylor's exceptions of no cause of action and no right of action, (3) prohibited Bridgefield from attaching the proceeds of the Lafayette Insurance Company ("Lafayette") UM/UIM policy, (4) permitted Taylor and his wife, Tena Taylor ("Taylors"), to withdraw the $25,000 UM/UIM proceeds from the registry of the court, and (5) ordered that a writ of attachment issue in favor of U.S. Specialty Insurance Company ("U.S. Specialty"). For the following reasons, we affirm.

FACTS
On November 9, 2000, Taylor, while in the course and scope of his employment, was operating a 1998 Chevy Lumina owned by his employer, Tommie's, and insured by Lafayette. Taylor was struck by a 1994 Chevy Lumina which was operated by Sylvia Vargas ("Vargas"), owned by Raul Velasco and insured by State Farm Mutual Automobile Insurance Company ("State Farm"). The employer's automobile liability insurance policy with Lafayette included coverage for UM/UIM. Taylor's personal automobile liability insurance policy also was issued by State Farm and included UM/UIM coverage.
At the time of the automobile accident, U.S. Specialty provided workers' compensation insurance coverage for Tommie's. Taylor filed a claim in the Office of Workers' Compensation ("OWC") and received workers' compensation benefits from U.S. Specialty for the injuries he sustained in the work-related accident. Tommie's and U.S. Specialty filed a petition against Raul Velasco, Vargas and State Farm, seeking reimbursement of the workers' compensation benefits paid to Taylor. The Taylors filed a personal injury lawsuit against the same defendants, seeking damages caused by the November 9, 2000 accident.[1]
Subsequently, Taylor returned to work at Tommie's. He later claimed that on September 14, 2001, he aggravated his previous work-related injury when he was moving a pool table and pinball machine while in the course and scope of his employment with Tommie's. At the time of Taylor's second injury or re-injury, Bridgefield provided workers' compensation coverage for Tommie's. Bridgefield paid unspecified medical benefits to Taylor for his injury, but refused to pay disability benefits.
*964 In addition to filing a petition for damages, Taylor filed a disputed claim for compensation with the OWC on January 22, 2002, seeking benefits from Bridgefield based on the aggravation of his prior work-related injury. Taylor later amended his claim to add U.S. Specialty as a defendant after it refused to pay any additional workers' compensation benefits. Both workers' compensation carriers filed reconventional demands against Taylor for damages, restitution and the forfeiture of his benefits, alleging that he had made fraudulent statements and misrepresentations in violation of LSA-R.S. 23:1208.
State Farm paid insurance proceeds to Taylor for UM/UIM coverage provided by his personal automobile liability insurance policy; however, the proceeds payable under the Lafayette UM/UIM policy and Velasco's State Farm liability policy were deposited into the registry of the court. Taylor filed a motion for summary judgment, alleging that U.S. Specialty was not entitled to assert a claim against the insurance proceeds payable under the Lafayette UM/UIM policy. On November 5, 2002, the court granted Taylor's motion for summary judgment, finding that the Lafayette UM/UIM policy specifically excluded the workers' compensation insurer's right to reimbursement from the insurance proceeds. U.S. Specialty did not appeal the summary judgment.
Bridgefield filed a petition for intervention in the above-referenced lawsuits, naming Vargas, State Farm, Lafayette and Taylor as defendants. It sought the recovery of workers' compensation benefits it had paid to Taylor, or may pay in the future, under LSA-R.S. 23:1101. Subsequently, Bridgefield amended its petition to allege that Taylor had committed fraud in violation of LSA-R.S. 23:1208. It asserted a right to attach the proceeds deposited into the registry of the court by both insurance companies and to recover damages, including costs, expenses and attorney fees.
In response to Bridgefield's amended petition, Taylor filed exceptions of vagueness, no right of action and no cause of action. Taylor also filed a motion to withdraw the insurance proceeds from the registry of the court, asserting that Bridgefield was not entitled to receive any of the funds. Thereafter, Taylor filed a motion for summary judgment against Bridgefield. In his motion, Taylor reiterated his previously filed exceptions and sought the dismissal of Bridgefield's claim to the insurance proceeds deposited in the registry of the court by Lafayette and State Farm. In support of his motion, Taylor attached a certified copy of Lafayette's insurance policy.
The trial court granted Taylor's motion for summary judgment and sustained his exceptions of no right of action and no cause of action with regard to the Lafayette UM/UIM policy proceeds, but denied the exceptions with regard to the State Farm liability policy proceeds. The trial court also granted the Taylors' motion to withdraw the Lafayette UM/UIM policy proceeds in the amount of $25,000 from the registry of the court. Bridgefield now appeals.

DISCUSSION
Our summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2); Racine v. Moon's Towing, 01-2837 (La.5/14/02), 817 So.2d 21. Under LSA-C.C.P. art. 966(B), summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show *965 that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Singleton v. Booker, 37,198 (La.App.2d Cir.5/14/03), 847 So.2d 107, writ denied, 2003-2030 (La.11/7/03), 857 So.2d 495.
Although the initial burden on a motion for summary judgment remains with the mover to show that no genuine issue of material fact exists, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Estate of Levitz v. Broadway, 37,246 (La.App.2d Cir.5/14/03), 847 So.2d 170.
An adverse party may not rest on the mere allegations or denials of his or her pleading, but his or her response, by affidavits or as otherwise provided above, must set forth specific facts showing a genuine issue of material fact. If he or she does not so respond, summary judgment, if appropriate, shall be rendered against him or her. LSA-C.C.P. Art. 967; NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 2000-2507 (La. 12/8/00), 775 So.2d 1049. The court must draw those inferences from undisputed facts that are most favorable to the party opposing the motion for summary judgment. Estate of Levitz, supra; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/24/00), 755 So.2d 226.
A workers' compensation insurer has a cause of action for reimbursement against third persons legally liable to pay damages to an injured employee, including a UM/UIM insurer. LSA-R.S. 23:1101(A) and (B). The workers' compensation insurer must be reimbursed compensation benefits that were actually paid to the injured employee, from any judgment rendered against a third person, in preference to a claim of the injured employee or his dependent. LSA-R.S. 23:1103. Further, if a compromise with such third person is made by the employee, the workers' compensation insurer shall be liable to the employee for any benefits which are in excess of the full amount paid by such third person only after the insurer receives a dollar for dollar credit against the full amount paid in compromise. LSA-R.S. 23:1102(B) and LSA-R.S.23:1103(A).
However, our Louisiana Supreme Court, relying upon an individual's freedom to contract and the strong public policy considerations supporting full UM/UIM recovery, has held that there is no statutory prohibition against an employer contracting with its UM/UIM insurer to exclude workers' compensation reimbursement. Thus, a UM/UIM policy may validly exclude compensation reimbursement to a workers' compensation insurer. Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000.
In Travelers, the UM insurer filed a motion for summary judgment based on the exclusionary clause of its policy with regard to workers' compensation reimbursement. The trial court granted summary judgment in favor of the UM insurer. The court of appeal reversed; however, the Supreme Court reinstated the trial *966 court's summary judgment in favor of the UM insurer. The Supreme Court held:
Although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the Civil Code's freedom to contract on all matters not forbidden by law or public policy.
Travelers Insurance Company v. Joseph, supra at 1005.
In the present case, the exclusionary language contained in the Lafayette policy is identical to the policy exclusion upheld in Travelers Insurance Company, supra. The pertinent policy language reads as follows:
C. EXCLUSION
This insurance does not apply to:
....
The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
The above exclusion applies equally whether the compensation insurer files suit directly against the UM/UIM carrier, as in Travelers, or whether the compensation insurer intervenes in the employee's suit against the UM/UIM insurer. Cleaning Specialists, Inc. v. Johnson, 96-2677 (La.App. 4th Cir.5/21/97), 695 So.2d 562, writ denied, 97-1687 (La.10/3/97), 701 So.2d 210. The Louisiana Supreme Court has specifically held that the exclusionary clause was not against public policy. Travelers Insurance Company v. Joseph, supra. Additionally, where the exclusion prohibits any "direct or indirect benefit" to the compensation insurer, it applies to compensation already paid as well as to any future compensation payable by the compensation insurer. Cleaning Specialists, Inc., supra. Therefore, since the Lafayette UM/UIM policy provision expressly excludes reimbursement to a workers' compensation insurer, then Bridgefield cannot recover against Lafayette for reimbursement of either past or future compensation payments to Taylor. Taylor established that there were no genuine issues of material fact and he was entitled to judgment as a matter of law. Thus, the trial court correctly granted summary judgment in favor of Taylor. This assignment of error lacks merit.
We do not find any reason to create an exception to the above principle that would allow a validly excluded compensation insurer reimbursement or recovery from the UM/UIM policy proceeds because the compensation insurer asserts that the injured worker has committed fraud or made misrepresentations pursuant to LSA-R.S. 23:1208. Regardless of the underlying details of the claim, Bridgefield paid benefits to Taylor under the workers' compensation law, and therefore, Bridgefield's claim for reimbursement or recovery of benefits paid is validly precluded under the exclusionary provision of Lafayette's UM/UIM policy.
Because we have concluded that the trial court correctly granted summary judgment in favor of Taylor based on the UM/UIM policy exclusion, we need not address Bridgefield's second, third and fourth assignments of error with regard to the trial court's sustention of Taylor's exceptions of no cause of action and no right of action. Further, we need not address Bridgefield's assignment of error, challenging the trial court's denial of Bridgefield's motion to attach the proceeds of Lafayette's UM/UIM policy or prevent the Taylors from withdrawing the $25,000 policy proceeds from the registry of the court. With regard to Bridgefield's last assignment of error, challenging the trial court's issuance of a writ of attachment in favor of U.S. *967 Specialty, because the writ of attachment was issued after the final judgment now on appeal was rendered, the issue is not properly before this Court. URCA Rule 1-3; Smith v. Boothe, 28,065 (La.App.2d Cir.2/28/96), 669 So.2d 682.[2]

CONCLUSION
For the foregoing reasons, the trial court's grant of summary judgment in favor of Gregory M. Taylor is affirmed. Costs of this appeal are assessed to the appellants, Bridgefield Casualty Insurance Company and Tommie's Novelty Gaming, LLC.
AFFIRMED.
NOTES
[1] The district court consolidated the lawsuit for reimbursement of workers' compensation benefits and the Taylors' personal injury lawsuit.
[2] On April 15, 2003, the OWC rendered an adverse ruling against Taylor and ordered restitution in favor of U.S. Specialty and Bridgefield. On July 3, 2003, the trial court issued a write of attachment in favor of U.S. Specialty with regard to the Lafayette insurance policy proceeds. Taylor filed an application for supervisory writs on this issue with this Court, which was denied.