927 So.2d 395 (2005)
INTERSTATE BRANDS CORPORATION
v.
Wilson GALLOW, Jr., Donald J. Mayeaux, Jr., Remi Gautreau, State Farm Insurance, and Lumbermens Mutual Casualty Company.
No. 2004 CA 0916.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
*396 Gregory S. Unger, Metairie, Counsel for Plaintiff/Appellant Interstate Brands Corporation.
Steve Joffrion, Prairieville, Counsel for Defendant/Appellee Wilson Gallow, Jr.
Cherie T. Burlett, New Orleans, Counsel for Defendant/Appellee Lumbermens Mutual Casualty Co.
Elizabeth B. Powell, Baton Rouge, Counsel for Defendant/Appellee Remi Gautreau, Donald J. Mayeaux, & State Farm Mutual Automobile Insurance Company.
Before: CARTER, C.J., WHIPPLE, DOWNING, McCLENDON and HUGHES, JJ.
WHIPPLE, J.
This appeal presents the issue of whether an employer is entitled to reimbursement from its own uninsured/underinsured motorist carrier for workers' compensation benefits paid to an employee injured in an automobile accident. For the reasons that follow, we vacate and remand.

FACTS AND PROCEDURAL HISTORY
Wilson Gallow, Jr., was injured on February 18, 2002 in a motor vehicle accident arising out of the course and scope of his employment with Interstate Brands Corporation (IBC) when the company bread truck he was driving was rear-ended by a Ford Explorer. On February 24, 2003, IBC filed the instant lawsuit, seeking to recover the workers' compensation benefits it had paid to Mr. Gallow and naming as defendants: Mr. Gallow; Donald J. *397 Mayeaux, Jr., the driver of the Ford Explorer; Remi Gautreau, the owner of the Ford Explorer; State Farm Mutual Automobile Insurance Company (State Farm) (erroneously named as "State Farm Insurance Company"), the insurer of the Ford Explorer; and Lumbermens Mutual Casualty Company (Lumbermens), IBC's uninsured/underinsured motorist (UM/UIM) carrier.
Thereafter, Lumbermens filed a "Motion for Concursus Proceeding" in the proceedings below. Lumbermens averred that both Mr. Gallow and IBC (by virtue of the instant suit) were claiming entitlement to $44,595.68 in settlement funds, for which it admitted liability pursuant to a June 12, 2003 settlement. Given the competing claims to this sum, Lumbermens sought an order allowing it to deposit the sum into the registry of the court and have the competing parties assert their claims to the funds in a contradictory hearing. After Lumbermens deposited the funds into the registry of the court, it then sought and was granted dismissal of IBC's claims against it.
A hearing on the concursus proceeding was conducted on September 29, 2003, at which time the court heard argument and gave the parties the opportunity to file post-hearing memoranda. The September 29, 2003 minute entry does not indicate that any testimony was taken or any stipulations entered into at the hearing. However, a blank standard endorsement form entitled "LOUISIANA UNINSURED MOTORISTS COVERAGEBODILY INJURY" was filed into evidence at the hearing.
On November 5, 2003 the trial court rendered judgment against IBC awarding Mr. Gallow "the full sum" of the funds deposited into the registry of the court, $44,595.68, and ordering the Clerk of Court to "dispense the proceeds accordingly." IBC suspensively appeals this judgment, asserting that the trial court erred in determining that the business automobile policy issued by Lumbermens to IBC contains exclusionary language that precludes IBC from recovering what it has paid in workers' compensation benefits.[1]

DISCUSSION
In a concursus proceeding, each party is considered both a plaintiff and defendant. LSA-C.C.P. art. 4656. Each party must prove the amount of his damages. American Southern Home Insurance Co. v. Guidry, 93-720 (La.App. 3rd Cir.2/2/94), 631 So.2d 733, 734. The interpleaded parties must establish their respective claims to the fund. Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc., 303 So.2d *398 761, 763 (La.App. 1st Cir.1974), writ refused, 307 So.2d 631 (La.1975).
An injured employee's right to claim damages from a third person is not affected by the payment of workers' compensation. LSA-R.S. 23:1101(A).[2] Furthermore, an employer has the right to recover workers' compensation payments made to an employee injured in a work-related accident caused by a third person. See LSA-R.S. 23:1101(B).[3]
One who has paid compensation benefits to an injured employee is specifically given a right pursuant to LSA-R.S. 23:1101(B) to bring suit against the third person who has caused the injury, to recover any amount that he has paid or becomes obligated to pay as workers' compensation to such employee. Therefore, an employer can recover the amount it has paid in workers' compensation benefits to its injured employee from the third person who is actually responsible for the damages incurred. Because the employer's UM/UIM insurer is obligated to repair damage caused by an uninsured or underinsured motorist, an employer's UM/ UIM insurer is a "third person" legally liable to pay an employee damages resulting from a work-related automobile accident. Thus, an employer's UM/UIM insurer is a "third person" from whom an employer or its workers' compensation insurer may be able to recover reimbursement of benefits paid to the injured employee. Degruise v. Houma Courier Newspaper Corp., XXXX-XXXX, pp. 4-5 (La. App. 1st Cir.3/28/02), 815 So.2d 1074, 1078, writs denied, XXXX-XXXX, XXXX-XXXX (La.6/21/02), 819 So.2d 342, 345.
Nonetheless, that right to reimbursement is not absolute. The Louisiana Supreme Court has held that there is no statutory prohibition against an employer contracting with its UM/UIM insurer to exclude workers' compensation reimbursement. Thus, a UM/UIM policy may validly exclude compensation reimbursement to a workers' compensation insurer. Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, 1004; Tommie's Novelty v. Velasco, 37,924, p. 6 (La.App. 2nd Cir.2/26/04), 868 So.2d 962, 965.
*399 In the instant case, Mr. Gallow contended that IBC was precluded from seeking reimbursement under the Lumbermens policy because of certain exclusionary language. The trial court agreed and found that a valid exclusion existed in IBC's UM/ UIM policy issued by Lumbermens, which prevented IBC from receiving reimbursement. As stated above, a standard form UM/UIM endorsement was introduced into evidence containing a provision under the heading "Exclusions," which states, "This insurance does not apply to ... [t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." The jurisprudence of this state has interpreted such a provision as excluding a reimbursement claim for workers' compensation payments against an employer's UM/UIM insurer, as well as precluding a claim for a credit against a claimant's receipt of future workers' compensation benefits on account of funds received in settlement from the UM/UIM insurer. See Bergeron v. Williams, 99-0887, pp. 5-7 (La.App. 1st Cir. 5/12/00), 764 So.2d 1084, 1088-89, writ denied, XXXX-XXXX (La.9/15/00), 768 So.2d 1281. See also Tommie's Novelty, 37,924 at pp. 8-9, 868 So.2d at 966-67; Landry v. Martin Mills, Inc., 98-1395, pp. 8-9 (La.App. 3rd Cir. 3/3/99), 737 So.2d 58, 62-63, writ denied, 99-0957 (La.6/4/99), 744 So.2d 625; Cleaning Specialists, Inc. v. Johnson, 96-2677, pp. 3-6 (La.App. 4th Cir. 5/21/97), 695 So.2d 562, 564-65, writ denied, 97-1687 (La.10/3/97), 701 So.2d 210.
However, the record is devoid of any testimony or evidence to establish that this blank standard endorsement form constituted a part of the policy at issue or was one pertinent between the parties herein. Accordingly, Mr. Gallow could not have carried his burden of proving IBC's inability to receive reimbursement under the policy and, consequently, his entitlement to the sum on deposit in the registry of the court based upon this blank endorsement alone, without some evidence establishing that it constituted part of the policy at issue.
On appeal, IBC expressly avers that the UM/UIM endorsement was not a part of the Lumbermens policy at issue herein. Specifically, IBC argues that, although it had attempted to reject UM/UIM coverage in the Lumbermens policy, the waiver of UM/UIM coverage was ineffective. Thus, it further contends, there was no endorsement to the underlying Lumbermens liability policy, but, rather, UM/UIM coverage was statutorily imposed. IBC's contention is that the underlying policy accordingly does not contain the exclusionary language found in the endorsement that would otherwise preclude it from seeking reimbursement for the sums it had paid in workers' compensation benefits.
In the absence of a valid rejection/selection of lower limits, UM coverage will be read into the policy. Taylor v. Rowell, 98-2865, p. 6 (La.5/18/99), 736 So.2d 812, 816. Under the provisions of former LSA-R.S. 22:1406(D) (amended and redesignated by 2003 La. Acts, No. 456 as LSA-R.S. 22:680), UM coverage is automatic; the parties' intention is irrelevant. Degruise v. Houma Courier Newspaper Corp., 94-2386, p. 10 (La.App. 1st Cir. 6/23/95), 657 So.2d 580, 586, amended in part, reversed in part, on other grounds, 95-1863, pp. 7-8 (La.11/25/96), 683 So.2d 689. See also Dyess v. American Nat. Property and Cas. Co., XXXX-XXXX, pp. 7-8 (La.App. 1st Cir. 6/25/04), 886 So.2d 448, 453, writ denied, XXXX-XXXX (La.10/29/04), 885 So.2d 592. However, LSA-R.S. 22:1406(D) further provided, in pertinent part:

*400 (1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered . . . unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, ...; however, the coverage required by this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section. (Emphasis added).
Policies issued in Louisiana are considered to contain all provisions required by statute. Accordingly, R.S. 22:1406(D) is incorporated into every policy of insurance to which it is applicable, as if it were written in the policy itself. Block v. Reliance Ins. Co., 433 So.2d 1040, 1044 (La.1983). Accordingly, unless validly waived, UM/UIM provisions filed with and approved by the Commissioner of Insurance are incorporated into the policy.
Thus, if in fact Lumbermens had filed this UM/UIM endorsement with the Commissioner of Insurance and the Commissioner had approved the endorsement, its provisions, including the exclusionary language, would be statutorily read into the policy at issue, and IBC's argument that these provisions did not constitute part of its policy would fall. However, despite Mr. Gallow's contention on appeal that Lumbermens had filed the endorsement admitted into evidence as Exhibit Gallow-2 with the Commissioner of Insurance and that the Commissioner of Insurance had approved the endorsement form, there is simply no evidence of record to support these contentions. Considering the foregoing and the lack of testimony or competent evidence of record, we must conclude that the trial court erred in finding that Mr. Gallow had carried his burden of proving his entitlement to funds at issue.
Moreover, on the record before us, we cannot conclude that either party carried the burden of establishing his or its entitlement to the funds in this concursus proceeding.[4] Accordingly, we vacate the judgment awarding the sums held in the registry of court to Mr. Gallow and remand this matter for further proceedings, including a hearing where both parties shall be given the opportunity to establish their claims to the funds. See LSA-C.C.P. arts. 4654, 4656 & 4662.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court awarding *401 Wilson Gallow, Jr. the funds deposited in the registry of the court, $44,595.68, is hereby vacated. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Each party is to bear his or its own costs of this appeal.
VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
CARTER, C.J., concurs with reasons.
HUGHES, J., dissents with reasons.
CARTER, C.J., Concurring.
I respectfully concur. I agree with the result reached; however, I write separately to emphasize that if on remand Mr. Gallow can establish that the blank standard endorsement form constituted a part of the policy at issue, and the endorsement was filed with and approved by the Commissioner of Insurance, then it is my opinion that Mr. Gallow would be clearly entitled to the sum on deposit.
HUGHES, J., dissenting.
I respectfully dissent.
Any issues to be resolved on remand were uncontested below, i.e., the attempted rejection of UM was faulty, and the language of the statutorily imposed UM coverage exclusion.
I think the only issue in this case is whether we recognize the distinction between statutorily imposed UM coverage as opposed to contractual coverage as in Bergeron, et al.
The statute, LSA-R.S. 22:680(1)(a)(i), addresses two situations: valid UM coverage and validly rejected UM coverage. It does not address an invalid rejection such as we have here.
The employer attempted to waive UM. The waiver was invalid. Therefore, UM coverage was statutorily imposed. The plaintiff/employee was able to settle his tort claim against the UM carrier. In the meantime the employer was paying workers' comp benefits to the plaintiff/employee. Now that the plaintiff/employee has received his tort settlement, is the employer entitled to reimbursement for the comp benefits previously paid, or does the employee keep them and receive a double recovery?
Employers should be encouraged to pay worker's comp benefits to their injured employees and thus I would not allow the windfall to the employee.
NOTES
[1] In a related matter, Mr. Gallow filed a disputed claim form with the Office of Workers' Compensation (OWC) seeking reinstatement of workers' compensation benefits he claims were wrongfully terminated in February 2003 by IBC. IBC had asserted the right to offset benefits under LSA-R.S. 23:1101, 1102, and 1103 due Mr. Gallow with the amount of settlement proceeds received by Mr. Gallow from insurers liable for the damages caused by the tortfeasor. The OWC proceeding was stayed pending a ruling in the civil suit on the Lumbermens policy exclusion issue. After the ruling by the 19th JDC appealed herein, on motion of Mr. Gallow the OWC lifted the stay and rendered a partial summary judgment in favor of Mr. Gallow decreeing that IBC was not entitled to a credit pursuant to LSA-R.S. 23:1101 or 23:1103 or "any other statutes, against past and future compensation benefits for any sums received by plaintiff, Wilson Gallow, Jr." from Lumbermens. IBC filed a writ application with this court, under number 2004 CW 0838, seeking review of these OWC rulings. This writ application was referred to this appellate panel for disposition. We issue our ruling on the writ application by separate order of this court, declining to exercise our supervisory jurisdiction.
[2] Paragraph (A) of LSA-R.S. 23:1101 provides:

When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
[3] At the time of the accident in question, Paragraph (B) of LSA-R.S. 23:1101 provided:

Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
[4] With regard to the proof offered by IBC to establish its entitlement to the funds at issue, IBC attached to its post-hearing memorandum three pages of a policy that it contended was the actual business automobile policy issued by Lumbermens to IBC. IBC contended that this policy excerpt demonstrated that the policy did not contain exclusionary language precluding IBC from receiving reimbursement for workers' compensation benefits it had paid.

The policy excerpt did contain exclusions stating the policy did not provide coverage for "[a]ny obligation for which the `insured' or the `insured's' insurer may be held liable under any workers['] compensation, disability benefits or unemployment compensation law or any similar law." IBC argued that this provision did not apply to exclude coverage under the facts of this case. Regardless of the merits (or lack thereof) of this argument, we note that the record is devoid of any evidence establishing that this policy excerpt is truly an excerpt of the policy issued by Lumbermens to IBC or that it contains all the exclusions in that policy that would be relevant herein. Accordingly, IBC likewise did not carry its burden below of proving entitlement to the funds at issue by merely relying upon this unauthenticated and unidentified policy excerpt attached to its post-hearing memorandum.