PITMAN, J.
| Jntervenor-Appellant Commerce and Industry Company (“Commerce”) appeals the district court’s granting of summary judgment in favor of Defendant-Appellee Arch Insurance Company (“Arch”) and Claimants-Appellees Craig and Cheryl Forgey (“the Forgeys”). For the following reasons, we affirm.

FACTS

On January 28, 2010, the Forgeys filed a petition for personal injuries and named as defendants Dina Maynor; State Farm Mutual Automobile Insurance Company (“State Farm”), the automobile liability insurer of Ms. Maynor;[1] Arch, the automobile liability insurer of Mr. Forgers employer, Evergreen Presbyterian Ministries (“Evergreen”), having issued a policy extending uninsured/underinsured motorist (“UM”) and medical payments coverage; and State Farm, the automobile liability of Mr. Forgey, having issued a policy extending UM and medical payments coverage. The Forgeys alleged that, on January 30, 2009, Ms. Maynor was driving her vehicle on Airline Drive in Bossier City and collid *1233 ed with the vehicle driven by Mr. Forgey. The Forgeys alleged that the collision was the sole fault of Ms. Maynor and caused severe injuries and other damages to Mr. Forgey, including, but not limited to, lost wages, lost economic opportunity, lost earning capacity and lost household services. They also alleged that |aMrs. For-gey suffered damages, including loss of consortium, service and society.
On April 5, 2010, Arch filed an answer in which it denied the allegations made by the Forgeys; admitted that it is the UM carrier for Mr. Forgey’s employer, Evergreen; and pled defenses.
On April 29, 2010, Commerce filed a petition of intervention, stating that it was Evergreen’s workers’ compensation insurer. It noted that Mr. Forgey allegedly sustained injuries within the course and scope of his employment with Evergreen resulting in disability and payment of workers’ compensation benefits by Commerce. Commerce contended that, if there is a judgment in favor of the For-geys, it is entitled to a judgment apportioning the proceeds of the judgment to the extent that it has paid workers’ compensation benefits to Mr. Forgey and as a credit for any additional payments Commerce may be forced to make.
On May 28, 2010, Arch filed an answer to the petition of intervention in which it denied the allegations made in Commerce’s petition and reasserted the defenses pled in its original answer.
On January 5, 2011, the Forgeys filed an answer to the petition for- intervention .in which they denied the allegations made by Commerce. They stated that they are entitled to have any recovery by Commerce reduced by a pro rata share of their reasonable attorney fees and that Commerce’s recovery cannot exceed 50 percent of the judgment rendered in their- favor. Mrs. Forgey argued that Commerce is not entitled to any funds for her loss of consortium claim.
IsOn April 8, 2015, the Forgeys filed a motion for summary judgment, of, in the alternative, motion for declaratory judgment and further relief. They requested that the- district court grant summary judgment against Commerce and dismiss its intervention. They contended that there is no genuine issue of material fact that the UM policy of Arch (the “UM Policy”) precludes Commerce from claiming reimbursement for benefits paid or a credit reducing future workers’ compensation benefits by the amount of UM benefits paid to them. In the alternative, they requested a declaratory judgment that Commerce has no entitlement to claim reimbursement or credit from the UM claim against Arch for benefits paid. In support of their motion for summary judgment, they submitted as evidence a copy of the UM Policy, attached a list of essential legal elements and a list of facts not in dispute.
On April 20, 2015, Arch filed a motion for summary judgment. It requested that the district court dismiss all claims by Commerce against it. It contended that there exist no genuine issues of material ■fact because, under.the plain language of the UM Policy and Louisiana law, Commerce is not entitled to reimbursement for any compensation it paid to the Forgeys. It incorporated by reference the Forgeys’ motion for summary judgment and all supporting documents.
On June 4, 2015, Commerce filed a memorandum in opposition to the Forgeys’ motion for summary judgment, stating that, during a private mediation on September 9, 2013-, the Forgeys reached a tentative agreement for a lump sum payment from Arch and that this agreement was contingent Ron the.workers’ compensation claim being settled. It contended *1234 that it is entitled- to a future credit on its obligations to pay any future workers’ compensation benefits to or. on behalf ’of Mr. Forgey.
On June 25, 2015, the Forgeys filed a reply memorandum in support of their motion for summary judgment. They argued that the UM Policy provides a specific exclusionary provision that precludes Commerce from any benefit from amounts paid to them. They contended that Arch and Commerce are solidary obligors only to the extent of their obligations to them and not as to any compensation paid by Arch as the UM insurer to Mr. Forgey for pain and suffering. They further argued that they are not required to obtain Commerce’s approval prior to liability or UM settlement. On June 25 and 29, 2015, Arch filed reply memoranda in support of its motion for summary judgment and incorporated by reference the Forgeys’ reply memorandum.
After arguments at the hearing held on June 29, 2015, the district court determined that there' is no genuine issue of material fact and granted summary judgment as requested tíy the Forgeys and Arch. It stated that this should not affect any future workers’ compensation that is received and also granted the declaratory judgment requested by the Forgeys.
On September 8, 2015, the district court filed a judgment granting both motions for summary judgment. It dismissed with prejudice Commerce’s intervention against Arch as to the UM Policy on the basis that Commerce has no right to reimbursement or future credit for workers’ compensation benefits paid to the Forgeys from the UM Policy because the I fiUM Policy states that “This insurance does not apply to direct or indirect benefit of any insurer or self-insurer. under any worker’s compensation, disability benefits, or similar laws.” It also determined that the Forgeys do not have any obligation under La. R-.S-. 23:1102 and 1103 to obtain the approval of Commerce as the workers’ compensation carrier to settle the UM portion of the Forgeys’ case against Arch. It also granted the Forgeys’ motion for declaratory judgment and stated that, by accepting-the settlement offer of Arch, the Forgeys do not forfeit any entitlement to future benefits in workers’ compensation and that Commerce has no cause to terminate Mr. Forgers workers’ compensation benefits due to his acceptance of Arch’s settlement offer. .
Commerce appeals.

DISCUSSION

In its sole assignment of error, Commerce argues that the district court committed legal and manifest error by concluding that it is not entitled to a future credit against any payments made or to be made by Arch against future workers’, compensation benefits that may be owed to Mr. Forgey. ‘ It cites Tolbird v. Wyble, 38,969 (La.App.2d Cir.12/15/04), 892 So.2d 103, writs denied, 05-0444-0449 (La.4/29/05), 901 So.2d 1066 and 1067, and states that, in Tolbird, this court rejected the workers’ compensation carrier’s claim for reimbursement (as the UM policy had an exclusion for payment of benefits under workers’ compensation), and ruled that a workers’ compensation carrier is entitled to a future credit for any payments made by the employer’s UM carrier. It contends that, although other cases |Bhave found that a contractual exclusion in. a UM policy eliminates the possibility of recovery for any workers’ compensation benefits, Tolbird considered exclusionary language and then found that the workers’ compensation carrier was entitled to a future credit. It also argues that it, as the workers’ compensation carrier, and Arch, as the UM carrier, are solidary obligors. It fur *1235 ther argues that, at a minimum, it is entitled to a future credit for any payments made or to be made by Arch which pertain to future lost wages and/or medical expenses.
The Forgeys’ argue that the district court did not commit legal or manifest error by concluding that' Commerce was not entitled to a future credit against any payments made by Arch against any workers’ compensation benefits it may owe to Mr. Forgey. They contend that, pursuant to the language of the UM Policy, Commerce is not entitled to a future credit. They note that the UM Policy includes the following exclusions:
B. Exclusions
This insurance does not apply to any of the following: 1 ■
⅞ * ⅜
3. Workers’ Compensation
Any obligation for which the “insured” or the “insured’s” insurer may be held liable under any workers’ compensation, disability benefits or unemployment compensation law or any similar law.
⅜ ⅝» , ⅝ .
C. Exclusions
This insurance does not apply to:
1. The direct or indirect benefit of any insurer or self-insurer under any workers’ compensation, disability benefits or similar law.
They further contend that, despite the reimbursement/credit claim , set forth in La. R.S. 23:1101 — 1103, the Louisiana Supreme Court, relying upon an [ individuars freedom to contract and the strong public policy considerations supporting full UM recovery, has held that there is no statutory prohibition against an employer contracting with its UM insurer to exclude compensation reimbursement. Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000. They argue that a UM policy may validly exclude compensation reimbursement and credit to a workers’ compensation insurer for past and future benefits paid or to be paid. Tommie’s Novelty v. Velasco, 37,924 (La.App.2d Cir.2/26/04), 868 So.2d 962. They contend that, where a valid exclusion exists in an employer’s UM policy, the employer’s workers’ compensation insurer has no cause of action for reimbursement or credit against the employer’s UM insurer and that the language of the policy, prevails over statutory law. They note that-Commerce relies on Tolbird v. Wyble, supra, and state that this court cannot rely' on a case such as Tolbird because Tolbird does not discuss policy language and is based on statutory law. They also argue that the law on solidary obligors is irrelevant because the language of the UM policy controls in this case.
An appellate court reviews a trial court’s granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Tommie’s Novelty v. Velasco, supra. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of summary judgment, |sshow that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).[2]
This court in Tommie’s Novelty v. Velasco, supra, discussed the statutory *1236 provisions of La. R.S. 23:1101-1103 and the freedom of parties to contract and stated:
A workers’ compensation insurer has a cause of action for reimbursement against third persons legally liable to pay damages to an injured employee, including a UM/UIM insurer. LSA-R.S. 23:1101(A) and (B). The workers’ compensation insurer must be reimbursed compensation benefits that were actually paid to the injured employee, from any judgment rendered against a third person, in preference to a claim of the injured employee or his dependent. LSA-R.S. 23:1103. Further, if a compromise with such third person is made by the employee, the workers’ compensation insurer shall be liable to the employee for any benefits which are in excess of the full amount paid by such third person only after the insurer receives a dollar for dollar credit against the full amount paid in compromise. LSA-R.S. 23:1102(B) and LSA-R.S.23:1103(A).
However, our Louisiana Supreme Court, relying upon an individual’s freedom to contract and the strong public policy considerations supporting full UM/UIM recovery, has held that there is no statutory prohibition against an employer contoacting with its UM/UIM insurer to exclude workers’ compensation reimbursement. Thus, a UM/UIM policy may validly exclude compensation reimbursement to a workers’ compensation insurer. Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000.
In Travelers, the UM insurer filed a motion for summary judgment based on the exclusionary clause of its policy with regard to workers’ compensation reimbursement. The trial court granted summary judgment in favor of the UM insurer. The court of appeal reversed; however, the Supreme Court reinstated the trial court’s summary judgment in favor of the UM insurer. The Supreme Court held:
| (Although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer’s reimbursement in its UM policy under the Civil Code’s freedom to contract on all matters not forbidden by law or public policy.
Travelers Insurance Company v. Joseph, supra at 1005.
In the present case, the exclusionary language contained in the Lafayette policy is identical to the policy exclusion upheld in Travelers Insurance Company, supra. The pertinent policy language reads as follows:
C. EXCLUSION
This insurance does not apply to:
[[Image here]]
The direct or indirect benefit of any insurer or self-insurer under any workers’ compensation, disability benefits or similar law.
The above exclusion applies equally whether the compensation insurer files suit directly against the UM/UIM carrier, as in Travelers, or whether the compensation insurer intervenes in the employee’s suit against the UM/UIM insurer. Cleaning Specialists, Inc. v. Johnson, 96-2677 (La.App. 4th Cir.5/21/97), 695 So.2d 562, writ denied, 97-1687 (La.10/3/97), 701 So.2d 210. The Louisiana Supreme Court has specifically held that the exclusionary clause was not against public policy. Travelers Insurance Company v. Joseph, supra. Additionally, where the exclusion prohibits any “direct or indirect benefit” to the compensation insurer, it applies to compensation already paid as well as to any future compensa *1237 tion payable by the compensation insurer. Cleaning Specialists, Inc., supra.
868 So.2d at 965-66.
The exclusionary language contained in the UM Policy in the case sub judice is identical to the policy exclusions upheld by this court in Tommie’s Novelty v. Velasco, supra, and by the Louisiana Supreme Court in Travelers Ins. Company v. Joseph, supra. Although Commerce relies on this court’s finding in Tolbird v. Wyble, supra, that a workers’ compensation | ipinsurer was entitled to a credit, but not to reimbursement, due to a provision contained in the policy that “specifically exclude[d] reimbursement to the insurer,” the language of the exclusion is not included in the opinion for comparison.
Therefore, because the UM Policy expressly excludes reimbursement or credit to a workers’ compensation insurer, Commerce cannot recover against Arch for reimbursement of either past or future compensation payments to Mr. Forgey. The Forgeys established that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. Thus, we find that the district court correctly granted summary judgment in favor of the Forgeys and Arch.
Accordingly, this assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, the judgment of the district court in favor of Defendant-Appellee Arch Insurance Company and Claimants-Appellees Craig and Cheryl Forgey and against Intervenor-Appellant Commerce and Industry Company is affirmed. Costs are assessed to Commerce and Industry Company.
AFFIRMED.

. On June 22, 2011, the Forgeys, Ms. Maynor and State Farm filed a partial joint motion to dismiss with reservation of rights. On June 23, 2011, the district court ordered that the suit be • dismissed with prejudice as to Ms. Maynor and State Farm as Ms. Maynor’s insurer and that the rights, claims and causes of actions of the Forgeys be reserved and maintained against any and all uninsured/underin-sured motorist insurers and/or medical payments insurers.

, We note that La. C.C.P. art. 966 was amended by 2015 La. Acts No. 422, which became-effective January 1, 2016. Section 2 of the Act provides: “The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act.”